Anastacio **VALDEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–01–840–CR.

Court of Appeals of Texas, Corpus Christi.

Aug. 1, 2002.

Ana Lisa Garza, Ramirez & Garza, Rio Grande City, Eli E. Garza, Victoria, for appellant.

John A. Olson, Asst. County & District Attorney, Yolanda De Leon, District Attorney, Brownsville, for the State.

Before Justices DORSEY, HINOJOSA, and RODRIGUEZ.

## OPINION

Opinion by Justice RODRIGUEZ.

In accordance with a plea agreement, appellant, Anastacio Valdez, pleaded no contest to the felony offense of forgery.

*See* TEX. PEN. CODE ANN. § 32.21 (Vernon Supp.2002). Appellant, a permanent resident of the United States and a citizen of Mexico, was placed on deferred adjudication community supervision for two years. Approximately six years later, after completing his community supervision and after receiving a letter from the United States Department of Justice, Immigration and Naturalization (INS) regarding deportation proceedings,[1] appellant filed an application for writ of habeas corpus.[2] His application was based on the alleged failure of the trial court to admonish him concerning the immigration consequences,[3] as required by article 26.13(a)(4) of the Texas Code of Criminal Procedure.[4] The trial court denied the writ. Appellant now contends his plea was involuntary because, at the time he entered his plea, he was not aware he could be subject to deportation proceedings. We affirm the judgment of the trial court.

## I. Standard of Review

 Generally, a guilty plea, or as in this case, a no contest plea, "is considered voluntary if the defendant was made fully aware of the direct consequences." *State v. Jimenez,* 987 S.W.2d 886, 888–89 (Tex. Crim.App.1999) (citing *Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). "It will not be rendered involuntary by lack of knowledge as to some collateral consequence." *Id.* "That a guilty plea may result in deportation is generally considered a collateral consequence." *Id.*

 In reviewing the trial court's habeas corpus judgment, we view the evidence in the light most favorable to the ruling. *Ex parte Lafon,* 977 S.W.2d 865, 867 (Tex.App.-Dallas 1998, no pet.). Absent a clear abuse of discretion, we accept the trial court's decision whether to grant the relief requested in a habeas corpus application. *Id.*

## I. Background

Before appellant entered his plea in the trial court, he signed a document titled "Written Waiver and Consent to Stipula-

---

1. Although the record is silent regarding the content of the letter, appellant's affidavit attached to his application for writ of habeas corpus sets out he was taken into custody and the INS began deportation proceedings.

2. Appellant first titled his document a motion to vacate the judgment and later filed an amendment asking that it be re-titled "Defendant's Writ of Habeas Corpus/Defendant's Writ of Error Coram Nobis." Based on our review of the record and arguments made, it is apparent appellant brings this as a habeas corpus proceeding pursuant to article 11.05 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05 (Vernon 1977). We, therefore, need not address issues related to a direct appeal or a writ or error coram nobis.

3. Any alien convicted of a crime involving moral turpitude [in this case, forgery] committed within five years (or ten years in the case of an alien provided lawful permanent resident status under section 245(j) [8 U.S.C.S. § 1255(j)]) after the date of admission, and is convicted of a crime for which a sentence of one year or longer may be imposed, is deportable. 8 U.S.C.S. § 1227(a)(2)(A)(i) (2002).

4. Article 26.13 of the Texas Code of Criminal Procedure provides, in pertinent part:

 (a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

 * * * * *

 (4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

 *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(4) (Vernon Supp.2002).

tion of Testimony, Waiver of Jury, and Plea of [no contest.]" In the waiver, appellant was admonished as follows: "[i]f applicable: if not a citizen of the United States of America I understand that a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law." Immediately preceding the admonishment, the document set out that appellant "waives all formalities of arraignment and reading of the indictment and voluntarily and freely pleads no contest, as charged in the indictment in this cause."

The attorney's certificate, signed by appellant's trial counsel, was attached to the waiver. It stated counsel believed appellant voluntarily and knowingly entered into the waiver. In his opinion, appellant was able to and did understand the nature and consequences of the proceedings and his plea. Also attached to the waiver was the trial court's signed, written approval setting out that it appeared to the court appellant's plea was given "free and voluntary." Finally, during the guilt phase of the trial, appellant testified he understood the formalities and had gone over the documents with his lawyer.

At the hearing on his application, however, appellant testified he did not become aware that he could be deported until he received a letter from the INS. By affidavit attached to his application, appellant stated INS took him into custody and started proceedings against him because of the "conviction and sentence" received in the present case. Appellant further testified at the hearing that, before entering his plea, his trial counsel gave him different documents to sign, telling him they were necessary so he could represent him and ask for two years probation. Appellant testified he did not read the documents because he had them for only five to ten minutes. He also stated counsel did not explain the documents to him. According to appellant, his counsel told him not to worry that the "worse [he] could get [was] probation." Appellant testified that he was not aware that if he signed the documents he would be subjected to deportation proceedings, and had he known the consequences of his plea, he "would have asked the [c]ourt to give [him] permission to seek ... counsel in regards of immigration." The State offered and the trial court admitted into evidence the waiver that contained the written admonishment. Appellant's trial counsel was not called to testify.

## II. Discussion

 A habeas corpus applicant seeking relief from the failure to receive an admonishment concerning the immigration consequences must establish there was no admonishment given consistent with article 26.13(a)(4) of the code of criminal procedure or otherwise suggesting the possibility of deportation, and that the lack of such admonishment affected his decision to enter a plea of no contest. *See Ex parte Tovar,* 901 S.W.2d 484, 486 (Tex.Crim.App. 1995). The burden of proof in a writ of habeas corpus action is on the applicant. *Lafon,* 977 S.W.2d at 867. The standard of proof is by a preponderance of evidence. *Id.*

 The admonitions required by article 26.13(d) may be made orally or in writing. TEX. CODE CRIM. PROC. ANN. art. 26.13(d) (Vernon 1989). A plea is not rendered involuntary when oral admonishments are not given to the accused concerning consequences of his plea where the record shows a written admonition, and the accused and his counsel executed required acknowledgments. *See id.; Lindsey v. State,* 902 S.W.2d 9, 12 (Tex. App.-Corpus Christi 1995, no pet.). A filed

document containing the admonition that is acknowledged by appellant and counsel substantially complies with article 26.13. *Blanco v. State,* 771 S.W.2d 598, 599 (Tex. App.—Corpus Christi 1989, no pet.). The defendant must affirmatively show he was not aware of the consequences of his plea and was misled or harmed by the admonishment of the court. *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 26.13(c) (Vernon 1989)).

 At the hearing, appellant testified he did not understand the consequences of his plea. However, the waiver containing the admonishment that a no contest plea entered for the offense charged may result in "deportation, the exclusion from admission to this country, or the denial of naturalization under federal law," was also submitted to the court for its review at the hearing. Appellant signed the document containing the admonishment. A certificate, signed by his counsel, provided that appellant voluntarily and knowingly entered into the waiver. Additionally, the trial court's signed, written approval concluded appellant's plea appeared to have been given "free and voluntary."

Viewing the evidence in the light most favorable to the ruling, *Lafon,* 977 S.W.2d at 867, we conclude appellant has failed to meet his burden of proof to establish there was no admonishment given consistent with article 26.13(a)(4). *See Tovar,* 901 S.W.2d at 486. We cannot conclude, by a preponderance of the evidence, appellant affirmatively showed he was not aware of the consequences of his plea. *See Blanco,* 771 S.W.2d at 599. The trial court did not abuse its discretion when it denied the

relief requested in appellant's habeas corpus application. *Id.* Appellant's second point of error is overruled.[5]

The judgment of the trial court is affirmed.

---

5. The State asserts appellant's issues should be overruled on the basis that appellant failed to present authority showing that he is not attacking his judgment on a collateral matter. By his first point of error, in response to this assertion, appellant contends the motion was not a collateral attack on the trial court's judgment of conviction. Neither party, however, provided argument, authority or record cites developing their "collateral matter" or "collateral attack" contentions. *See* TEX. R. APP. P. 38.1(h). Therefore, we need not address these issues.