NUMBER 13-02-023-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 



 

FLORENCIO CARDENAS JARAMILLO,                                     Appellant,

 

                                                   v.

 

STATE OF TEXAS,                                                                 Appellee.

 



 

                        On appeal from the 197th District Court

                                 of Cameron
County, Texas.



 

 

                                   O P I N I O N

 

          Before Chief Justice Valdez
and Justices Yañez and Castillo

                                  Opinion by
Justice Castillo                  

 








Appellant, Florencio Cardenas Jaramillo, pled no contest, without a
plea bargain, to the offense of aggravated assault on a public servant before
the trial court, after having requested that an already-commenced jury trial be
halted,[1]
the jury dismissed, and indicating his desire to enter a plea to the
court.  He was found guilty and sentenced
to ten years incarceration.  From this
conviction, he appeals, alleging in three issues that: 1) the evidence was
legally insufficient to sustain his conviction; 2) the trial court erred in denying
a requested mistrial in the earlier aborted trial before a jury; and 3) his
plea was involuntary because the trial court failed to comply with the
requirements of code of criminal procedure article 26.13.[2]  We affirm.

Factual Background

On March 10, 2001, Officer Trujillo of the Brownsville Police
Department saw a car stopped in front of him at a stop light suddenly speed up
and run the light.  He pursued the
vehicle and a chase ensued.  After several
additional traffic violations and a near-accident, the vehicle came to a stop
in the middle of the road and two males jumped out and started running.  Officer Trujillo got out of his car and
started chasing the passenger, who was later identified as Florencio Cardenas
Jaramillo.  Trujillo caught up with
appellant at a chain link fence and was trying to handcuff him when  the officer heard a vehicle screech its tires
and realized that the previously stopped vehicle was heading toward him.  The officer threw appellant toward the ground
and jumped onto the fence as the vehicle attempted to run him over.  Appellant ran away. 








After the vehicle left, Trujillo ran after appellant and appellant
jumped a fence into the yard of a home and ran through a carport.  By this time, the officer could see that
appellant was holding a plastic baggie in his hand.  Appellant ran into a shed at the end of the
carport, discovered it had no other exit and turned to face the officer with a
handgun in his outstretched right hand. 
The officer lowered his head to avoid the gun and ran into appellant,
lifting him in the air and against the shed. 
Appellant dropped the baggie, but not the gun, and Trujillo dropped
Jaramillo to the floor.  The gun
then  slid under a vehicle parked in the
carport.  Appellant was eventually
subdued and taken into custody.  Found at
the scene after appellant was removed  were
a .40 caliber loaded handgun, a clip with additional ammunition, and a clear
plastic baggie with a large amount of marihuana.

Sufficiency of the Evidence

In appellant=s first issue on
appeal, he attacks the legal sufficiency of the evidence to support his
conviction, arguing that the evidence did not establish that appellant
knowingly and intentionally threatened the police officer when he pointed the
weapon at him. 

A plea of guilt or no contest alone is not sufficient to support a
conviction under  Texas law.  Johnson v. State, 722 S.W.2d 417, 422
(Tex. Crim. App. 1986).  The State still
has the burden to prove the case by introducing sufficient evidence to support
the conviction.  Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2002).[3]









However such requirement does not imply a requirement for testimony or
exhibits or other evidence external to the defendant.  A judicial confession, standing alone,
provides sufficient evidence to support the judgment and satisfy the
requirements of article 1.15.  Lord v.
State, 63 S.W.3d 87, 92 (Tex. App.BCorpus Christi 2001,
no pet.)(citing Dinery v. State, 592 S.W.2d 343, 353 (Tex. Crim. App.
1980)(op. on reh=g) and Williams v.
State, 483 S.W.2d 460, 461 (Tex. Crim. App. 1972)); Munoz v. State,
840 S.W.2d 69, 73 (Tex. App.BCorpus Christi 1992,
pet. ref=d).   Where a defendant stipulates that all the
elements of the charge are true, such stipulation constitutes a judicial
confession.  McKenna v. State, 493
S.W.2d 514, 514 (Tex. Crim. App. 1973); Lord, 63 S.W.3d at 91-92
(stipulation that the defendant was the same person named in the indictment and
Aeach and every
allegation in said indictment charging the offense of [listed offense] is true
and correct@ was judicial
confession and sufficient evidence to support conviction). 

Indeed, a mere stipulation as to what the witnesses would testify,
where the stipulated testimony embraces every essential element of the charged
offense, is also sufficient to establish the guilt of a defendant in a plea
under article 1.15, even though such stipulation does not amount to a judicial
confession.[4]
 Stone v. State, 919 S.W.2d 424,
426-27 (Tex. Crim. App. 1996).  








In the present case, appellant stipulated in writing that he was the
same person named in the indictment, the stipulated evidence was Atrue and correct,@ and that Aeach and every
allegation in the indictment charging the offense of aggravated assault on a
public servant was true and correct and the offense occurred in Cameron County.@  Such a stipulation is a judicial confession
and is, itself alone, sufficient to support appellant=s conviction.  Lord, 63 S.W.3d at 91-92.[5]

We overrule appellant=s first issue.

Failure to Grant Mistrial








In appellant=s second issue, he
complains that the trial court failed to grant a requested mistrial in his
partial jury trial prior to his request to dismiss the jury, waive a jury trial
and enter a plea of no contest. 
Specifically, he argues that the trial court should have granted a
mistrial because the State improperly violated a pre-trial motion in limine as
to extraneous offenses and harmed appellant by providing the trier of fact, Ajury or judge,@ with a motive for
appellant=s actions when a
witness testified that, after the altercation, an officer returned to the scene
of the struggle and came back with a gun and a package of marihuana.  Appellant alleges that the State illegally
introduced the reference to the marihuana, and the provision of such a motive
violated appellant=s due process rights
and due course of law rights.  Appellant
also argues that the State failed to prove that he was guilty of the extraneous
offense of possession of marihuana.   

We note first that there is no evidence in the record demonstrating
any harm suffered by appellant as a result of the claimed errors.  The jury did not decide appellant=s guilt and hence the
admission of any alleged improper evidence before the jury, or failure to prove
certain matters before the jury, did not affect appellant=s eventual conviction,
which arose from his plea of no contest to the judge.  Appellant claims that he was harmed because
the failure to grant the mistrial forced his eventual plea of no contest but
there is nothing in the record to demonstrate that his plea was the result of
such ruling[6]
or was in any way involuntary.[7]








Even presuming harm for the sake of argument, review of the record
indicates appellant never requested the trial court to grant a mistrial based
on the introduction of an extraneous offense or the violation of his
constitutional rights.   Appellant=s claim, then, that the
trial court failed to grant a mistrial on such grounds is therefore not
supported by the record or preserved for review on appeal.  Thomas v. State, 723 S.W.2d 696, 700
(Tex. Crim. App. 1986)(where defendant did not object at trial on the same
basis claimed on appeal, nothing was preserved for review).  Likewise, appellant never made any objection
to the court that the State failed to prove his guilt as to any extraneous
offense  and so this complaint was
similarly not preserved for our review.[8]  Id.








The only objection made to the trial court as the basis for the
requested mistrial  was that Athe state has violated
the court=s order.@  Appellant does not refer us to the portion of
the record in which this alleged order is located.  We are unable to locate any written or oral
order by the trial court to which such comment might refer.  Thus even if we were to consider appellant=s complaint about the
trial court=s failure to grant a
mistrial on the specific ground on which an appellant complained below, we find
no abuse of discretion by the trial court[9]
in failing to grant a mistrial for the alleged violation of an order for whose
existence we have no evidence.  Accord
Matthews v. State, 960 S.W.2d 750, 757-58 (Tex. App.BTyler 1997, no
pet.)(nothing to review when purportedly violated motion in limine did
not appear in record).[10]  We overrule appellant=s second issue.

Voluntariness of the Plea

In his third issue, appellant claims his plea of no contest was
involuntary.  In determining the
voluntariness of a plea, we consider the totality of the circumstances, viewed
in the light of the entire record.  Ybarra
v. State,  960 S.W.2d 742, 745 (Tex.
App.BDallas 1997, no
pet.).  Once a defendant has pled guilty
and attested to the voluntary nature of his plea, he bears a heavy burden at a
subsequent hearing to demonstrate a lack of voluntariness.  Garcia v. State, 877 S.W.2d 809, 812
(Tex. App.BCorpus Christ 1994,
pet. ref=d).  Claims on appeal of an involuntary plea,
without supporting confirmation in the record, will not be sufficient for a
reviewing court to find a plea involuntary. 
Franklin v. State, 693 S.W.2d 420, 431 (Tex. Crim. App.
1985)(mere assertions in a brief not supported by evidence in the record will
not be considered on appeal).








We note, first of all, in the present case, that there is nothing in
the record to support any claim of involuntariness.  To the contrary, appellant signed a document
indicating that his plea was being made freely and voluntarily and affirmed to
the trial judge that no one had forced or coerced him into making the
plea.  The record shows no objection or
protest or raising of this issue of voluntariness until the appellate brief was
filed.  The record before us indicates a
voluntary plea.  Appellant=s sworn
representations in his AWritten Waiver and
Consent to Stipulation of Testimony, Waiver of Jury and Plea of No Contest,@ as well as his
responses to the trial court during the plea, demonstrated that he was entering
his plea freely and knowingly.  There is
nothing in the record to contradict these statements at the time of the plea
and no motion for new trial or other evidentiary hearing related to any alleged
involuntariness was ever held.

Appellant claims now on appeal that his plea was involuntary because
the trial court did not orally admonish him about the range of punishment or
the immigration consequences of a plea.[11]  Appellant admits that such admonishments were
provided in writing, and that both he and his counsel signed them, but argues
that the written admonishments could not suffice to fulfill the trial court=s duty to Aitself admonish the
defendant.@  Appellant does not claim that he did not
understand the consequences of his action or was harmed by the lack of the two
allegedly omitted admonishments; rather, he claims the record does not Aclearly@ reflect that they
were conveyed to him in a language he understood[12]
and that they were personally given to him by the judge.








A judge accepting a plea of guilty or no contest is required to
provide the admonishments listed in code of criminal procedure article
26.13.  Tex.
Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2002); Cain v. State,
947 S.W.2d 262, 264 (Tex. Crim. App. 1997). 
A judge may do so orally or in writing. Tex. Code Crim. Proc. Ann. art. 26.13(d) (Vernon Supp.
2002).  If in writing, there must be a
statement signed by the defendant and his attorney that he understands the
admonishments and is aware of the consequences of his plea.  Id. 
When the admonishments are provided in writing and the defendant and his
attorney have provided the required acknowledgment, it is not necessary that
the trial court orally reiterate the admonishments to the defendant.  Valdez v. State, No. 13-01-840-CR, 2002
Tex. App. LEXIS 5639, at *7 (Tex. App.BCorpus Christi, August
1, 2002, no pet. h.);  Blanco v. State,
771 S.W.2d 598, 599 (Tex. App.BCorpus Christi 1989,
no pet.).

A complete failure to provide admonishments is error.  Cain v. State, 947 S.W.2d at 264.  However, substantial
compliance by the court is sufficient, in the absence of an affirmative showing
by the defendant that he was not aware of the consequences of his plea and that
he was mislead or harmed by the admonishment of the court.  Tex.
Code Crim. Proc. Ann. art. 26.13(c)(Vernon Supp. 2002). 








Appellant argues that the written admonitions do not satisfy the
requirements of article 26.13 because they do not amount to an admonishment
directly from the trial court, citing Whitten v. State, 587 S.W.2d 156,
158 (Tex. Crim. App. 1979)(op. on reh=g) and Murray v.
State, 561 S.W.2d 821, 822 (Tex. Crim. App. 1977).  He asserts that therefore the trial court
should have orally admonished appellant and not relied on the written
admonishments.  We disagree.  As noted, article 26.13(d) expressly provides
for written admonishments.  Tex. Code Crim. Proc. Ann. art.
26.13(d) (Vernon Supp. 2002). 
Furthermore, the record in this case, unlike the records in Whitten
and Murray, clearly indicates that the written admonishments came from
the court, not the prosecutor or defense counsel or other party, and were
directed specifically to appellant, as evidenced by the judge=s comments at the plea
hearing[13]
and the recitals in the judgment.[14]  We find that the written admonishments were,
in fact, given to appellant by the trial court and so complied with article
26.13 and that no further oral admonishment by the court was required.  Moussazadeh v. State, 962 S.W.2d 261,
263-64 (Tex. App.BHouston [14th Dist.]
1998, pet. ref=d); Valdez,
2002 Tex. App. LEXIS 5639, at *7.








Appellant also argues that it is Aunclear@ whether the
admonitions were given to him in a language he understood and that the trial
court never inquired whether the admonitions were translated or explained to
appellant in a language he understood. Appellant does not claim on appeal, nor
did he claim below, that he did not understand the admonitions or that they
were not translated to him.  He simply
argues that Aabsent anything in the
record to indicate that Appellant had the consequences of his

plea
explained to him in a >language he
understood,= no plea under the
circumstances should be found to be voluntary,@ citing Garcia v. State, 877 S.W.2d at 812,
as authority.

Appellant misreads both the record and our opinion.  The face of the admonishments themselves
indicates that they were translated for appellant from English to Spanish by
his counsel[15]
and appellant affirmed to the trial judge that appellant believed he fully
understood the written admonishments given him. 








Moreover, the burden of demonstrating the involuntariness of the plea
falls on appellant.  Id.  Far from supporting appellant=s contention that the
mere absence from the record of a particular factual showing requires that a
plea be found involuntary, without any evidence from appellant demonstrating
that the plea was, in fact, involuntary, Garcia establishes quite the
opposite principle.  In rejecting an
argument similar to appellant=s, in which a  defendant asserted on appeal that the record
must affirmatively show that he understood a certain fact, and that in the
absence of that showing, the plea was involuntary, we reaffirmed that once a
defendant has pled guilty and attested to the voluntary nature of the plea,  a heavy burden is placed on the defendant to
show a lack of voluntariness.  Id.  We noted in that case, that the defendant
therein had never contended in the trial court that his plea was involuntary,
presented no evidence to show that he misunderstood the consequences of the
plea,  relied on false information, or
relied on inadequate legal advice.  Id.


In the present case, likewise, after reviewing the record, we find
nothing therein  which suffices to meet
appellant=s Aheavy burden@ to demonstrate that
the plea was involuntary.  

We overrule appellant=s third issue.

Conclusion

Having overruled all of appellant=s issues, we affirm
the judgment of conviction. 

 

ERRLINDA
CASTILLO,

Justice

 

Do not
publish.

Tex.
R. App. P.
47.3(b).

 

Opinion delivered and
filed

this 30th day of
August, 2002.

 











[1]
The record indicates that after both sides had closed in the guilt-innocence
phase of the trial, but before the charge was read to the jury, appellant
decided to change his plea to no contest and waive his right to a jury trial.





[2]
Tex. Code Crim. Proc. art. 26.13
(Vernon Supp. 2002). 





[3]
The relevant portion of article 1.15 reads, A.
. . it shall be necessary for the state to introduce evidence into the record
showing the guilt of the defendant and said evidence shall be accepted by the
court as the basis for its judgment and in no event shall a person charged be
convicted upon his plea without sufficient evidence to support the same.@
 Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2002).





[4]
However, if the defendant also stipulates to the truth of the testimony, the
stipulation is rendered a judicial confession. Stone v. State, 919
S.W.2d 424, 426 (Tex. Crim. App. 1996).





[5]  We note that appellant also stipulated that
the victim would testify as set out in his written statement.  The victim=s
introduced statement established each of the necessary elements of the offense.
Therefore, that stipulation would also be sufficient to support the conviction.
Stone, 919 S.W.2d at 426-27. 
Moreover, since appellant further stipulated that the evidence was true
and correct, this constitutes yet another judicial confession.  Id. at 426.





[6]
There was no motion for new trial asserting such a claim; there were no
arguments at the time of trial aside from the initial bare request for a
mistrial, e.g., no objection or exception to the trial court=s
refusal; no request to reconsider ruling on the request for a mistrial; and no
statements, testimony  or argument to the
court that this ruling was going to force appellant to plea or was in any way
any more significant than any other ruling made during the course of the
trial.  The defense did make a request
for an instruction to disregard.  The
trial court granted the request and gave the instruction to the jury.  The defense did not renew its request for a mistrial.  The trial then continued through the
conclusion of all the testimony, including that of the defense.  It was not until after both sides closed that
appellant apparently decided to change his plea.  Even then, there is nothing on the record at
that time or at the time of the plea that in any way even hints that the court=s
ruling on the request for a mistrial affected appellant=s
decision to terminate his trial and enter a plea. 





[7]  We discuss the voluntariness of the plea in
fuller detail under our discussion of appellant=s
third issue.





[8]
A motion in limine was requested but no ruling on the same appears in the
record.  However,  even if the motion had been ruled on, a
motion in limine does not itself preserve error; a specific objection
must still be lodged at the time of the objectionable testimony in order for
the issue to be preserved for appellate review. 
Harrington v. State, 547 S.W.2d 616, 620 (Tex. Crim. App.
1977). 





[9]
A trial court=s
denial of request for mistrial is reviewed under an abuse of discretion
standard.     Ladd v. State, 3
S.W.3d 547, 567 (Tex. Crim. App. 1999).





[10]
In the present case, while the motion in limine is in the record, there is
nothing indicating whether it was granted and, if so, to what extent or what
the specific requirements of such an order were and thus no way of evaluating
whether the State violated any such order or whether the trial court abused its
discretion in overruling the request for a mistrial.  See Matthews v. State, 960 S.W.2d 750,
757-58 (Tex. App.BTyler 1997, no
pet.)  





[11]
Appellant asserts in his brief that he is a non-citizen of the United States.
The record before us is entirely devoid of any reference to appellant=s
citizenship status relative to the United States or any other country.





[12]
The record indicates that appellant spoke in Spanish, utilized the services of
the official court interpreter, and was represented by a retained
Spanish-speaking attorney.





[13]
At the plea hearing, the judge specifically noted, AYou
have signed these admonishments of the court that I=m
showing you here.  When you signed them,
you said that I understand the written admonishments that have been given me.
Do you believe you fully understand these written admonishments that were given
you and your attorney discussed with you?@





[14]
The judgment recites in relevant part: A
the Defendant was admonished by the Court of the consequences of said plea. . .
.A  We are bound by the recitations  of the judgment in the absence of direct
proof of its falsity.  Johnson v.
State, 72 S.W.3d 346, 349 (Tex. Crim. App. 2002).





[15]
Contained in the waiver/stipulation/plea document sworn to by appellant was the
statement, AI do not read,
write or understand the English language and all of this instrument has been
translated to me from English to Spanish by [defense counsel] and I believe I
fully understand all of it.@