# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-05-00080-CR

**Diego Garcia Flores, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. 3040850, HONORABLE JON N. WISSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Diego Garcia Flores appeals his conviction for aggravated robbery with a firearm.  S*ee* Tex. Penal Code Ann. § 29.03(a)(2) (West 2003).  Appellant waived trial by jury and entered a plea of guilty without a plea bargain.  The trial court assessed appellant's punishment at imprisonment for thirty-five years.

## POINTS OF ERROR

Appellant advances two points of error.  First, appellant contends that the trial court "erred in failing to admonish appellant in accordance with the mandatory provisions of Tex. Code Crim. Proc. Ann. art. 26.13(a)(4) and (c)."  The contention relates to the required admonition that if a defendant is not a citizen of the United States, his guilty plea to the offense charged may result in his deportation and exclusion from admission to the United States and the denial of naturalization under federal law.  Second, appellant urges that the trial court erred in failing

to grant a hearing on appellant's timely filed and presented motion for new trial. We shall overrule both points of error and affirm the conviction.

## FACTUAL BACKGROUND

Appellant does not challenge the sufficiency of the evidence to support the judgment of conviction based on appellant's plea of guilty before the court to the allegations of the aggravated robbery indictment. *See* Tex. Code Crim. Proc. Ann. art 1.15 (West 2005). Briefly stated, the record reflects that on February 19, 2004, Robert Singleton, a jewelry salesman, arrived at the Americus Diamond store in the Lincoln Center in Austin. As Singleton retrieved a case of jewelry from his van and placed it on the ground, the case was grabbed, and Singleton was hit in the head. A gun was pushed against Singleton's head. Someone began screaming at him in Spanish. Singleton was able to see one man flatten the back tire of his van. Singleton was then able to get to the front of his motor vehicle, pull out his own gun,[1] and fire at the assailants. One of the assailants with a gun appeared to be hit as he fell back against the van. Singleton's gun jammed. A second or third man, yelling and waving a gun, fired at Singleton. Having unjammed his gun, Singleton re-engaged in the gun battle. As one of the assailants turned sideways to get into the Dodge getaway car, Singleton shot again, hitting the assailant from the side.

Austin Police officers believed that there were four men in the Dodge, which was found in the parking lot of a nearby motel. The modus operandi was similar to that of a Columbian "cell" from Houston. Officers obtained blood, hair, and sweat from the abandoned

---

[1] The record indicates that Robert Singleton had a concealed weapon permit.

Dodge automobile. The FBI task force in Houston was alerted about the robbery and possible gunshot wounds.

On the same day, Houston Police Officer Arthur Castillo went to the emergency room of the Bellaire Hospital in Houston regarding a shooting victim. Officer Castillo identified appellant as the man with a bullet wound, which entered on the right side of his chest and exited on the left side below the shoulder. Appellant gave a false name and told a false story about being shot as a victim in a robbery near the hospital. When Officer Castillo learned, a short time later, of the Austin robbery, he returned to the hospital to find that appellant had checked himself out of the hospital. He was able to collect the bloody shirt that appellant was wearing when he entered the hospital. Other witnesses who viewed the crime scene also testified.

## ADMONITION

In connection with appellant's claims that the trial court failed to properly admonish appellant of the consequences of his guilty plea, we observe that article 26.13 provides in pertinent part:

(a)     Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

. . . .

(4)     the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law. . . .

. . . .

3

(c)     In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

(d)     The court may make the admonitions required by this article either orally or in writing. If the court makes the admonitions in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea. If the defendant is unable or refuses to sign the statement, the court shall make the admonitions orally.

Tex. Code Crim. Proc. Ann. art. 26.13(a)(4), (c), (d) (West 2005).

Article 26.13(d) clearly permits the admonishment to be given orally or in writing. *See Valdez v. State*, 82 S.W.3d 784, 787 (Tex. App.—Corpus Christi 2002, no pet.); *Ruffin v. State*, 3 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 1999, no pet.). The record reflects that prior to the acceptance of appellant's plea of guilty, he was admonished in writing in accordance with article 26.13. Appellant executed a written document entitled "Plea of Guilty, Admonishments, Voluntary Statement, Waivers, Stipulation & Judicial Confession." The document was duly filed. In the document among the admonishments is found:

6.     Citizenship. If you are not a citizen of the United States, plea of guilty or nolo contendere for this offense may result in your deportation. Your exclusion from admission to this country, or your denial of naturalization under federal law.

The document contained another provision stating that appellant could read, write, and understand the Spanish language, and that the entire document had been explained to him in the Spanish language by his attorney and a named interpreter. In the instrument's provisions, appellant

4

stated that he understood the document and was aware of the consequences of his plea. Appellant signed and swore to the document before a deputy district clerk. The document also contained the signed statement of appellant's trial attorney, Mike Luna, that he had fully consulted with appellant and carefully reviewed with appellant the entire document. Mr. Luna then added, "I believe he [appellant] is mentally competent, understands the admonishments, is aware of the consequences of the plea, and is knowingly and voluntarily entering his plea of guilty, waiver, stipulation and judicial confession."

At the time of the guilty plea, the trial court displayed "the document" and appellant, with an interpreter present, acknowledged that he and his attorney "went over this" and that he understood it. The document was admitted into evidence.

The record reflects that appellant was properly admonished in writing about the possible deportation consequence of his guilty plea in accordance with article 26.13(a)(4). *See Valdez*, 82 S.W.3d at 786-88; *Moussazadeh v. State*, 962 S.W.2d 261, 263-64 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd). We disagree with appellant's argument that there was not substantial compliance with article 26.13(a)(4).[2] We likewise reject appellant's argument that because he was required to check and initial certain spaces on the plea-of-guilty document, the written deportation admonishment in the document was not effective because it was not checked and initialed. We observe that other admonishments required by article 26.13 and found in the document were not

---

[2] Appellant contends that a total failure to admonish about the possible deportation consequence of the guilty plea under article 26.13(a)(4) cannot be a substantial compliance under article 26.13(c). There was not, of course, a total failure here to admonish appellant of the possible deportation consequences. Appellant was properly admonished.

checked and initialed, yet appellant does not complain that these admonitions were not properly given under article 26.13. The first point of error is overruled.[3]

## MOTION FOR NEW TRIAL

In his second point of error, appellant contends that the "trial court erred in failing to grant a hearing on appellant's timely filed and presented motions for new trial." Appellant's motion was based on a claim of ineffective assistance of trial counsel and alleged facts not determinable from the record. *See* Tex. R. App. P. 21.2.[4] Appellant's motion for new trial was overruled by operation of law. *See* Tex. R. App. P. 21.8(c).

We review a trial court's decision not to hold an evidentiary hearing on a motion for new trial for an abuse of discretion. *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003). The right to an evidentiary hearing to develop matters alleged within a motion for new trial is not absolute. *Reyes v. State*, 849 S.W.2d 812, 815-16 (Tex. Crim. App. 1993). To establish a right to a hearing on a motion for new trial, the motion and supporting affidavit or affidavits need only reflect reasonable grounds for relief that are not determinable from the record. *Martinez v. State*, 74 S.W.3d 19, 21-22 (Tex. Crim. App. 2002). It is not necessary that the motion for new trial and accompanying affidavits establish a prima facie case for a new trial. *Jordan v. State*, 883 S.W.2d

---

[3] The record does not reveal appellant's citizenship. A presentence investigative report was prepared prior to the finalization of the guilty plea, but it is not a part of this appellate record. Appellant simply calls attention to an officer's testimony that the modus operandi of the robbery offense was like that of a Columbian "cell" or gang from Houston. This alone does not establish appellant's nationality or citizenship.

[4] "A motion for new trial is a prerequisite to presenting a point of error on appeal only when necessary to adduce facts not in the record." Tex. R. App. P. 21.2.

664, 665 (Tex. Crim. App. 1994). In addition to a timely filed motion with supporting affidavits that demonstrate reasonable grounds for believing some error has occurred, the motion must be timely presented to the trial court. *See* Tex. R. App. P. 21.6; *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005). To present a motion in the context of a motion for new trial, the defendant must give the trial court actual notice that he has timely filed a motion for new trial and request a hearing on said motion. *Rozell*, 176 S.W.3d at 230 (citing *Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998)). When these requisites have been fulfilled, a defendant's right to an evidentiary hearing on his motion for new trial attaches and the hearing becomes mandatory. *Jordan*, 883 S.W.2d at 665.

Here, appellant's motion for new trial was timely filed on January 11, 2005, and timely presented on the same day. No further action on the motion was taken and the motion was overruled by operation of law. We must determine whether the trial court clearly abused its discretion in failing to accord appellant an evidentiary hearing on this motion for new trial.

Was the motion properly verified? The motion is supported by the unsworn declaration of an inmate signed by appellant under the penalty of perjury. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 132.001-.003 (West 2005); *Owens v. State*, 763 S.W.2d 489, 490 (Tex. App.—Dallas 1988, pet. ref'd). It simply declares that the statements in the motion for new trial are within the personal knowledge of the declarant and are "true and correct," and that other matters in the motion not within the personal knowledge of the declarant are "believed" to be "true and correct." The declaration does not distinguish between statements that are within his personal knowledge and those that are not. The form of the unsworn declaration, however, appears

7

satisfactory in light of *Bahm v. State*, ____ S.W.3d ___, No. PD-0273-06, 2007 Tex. Crim. App. LEXIS 226, at *7-9 (Tex. Crim. App. Feb. 28, 2007) (reversing *Bahm v. State*, 184 S.W.3d 792 (Tex. App.—Beaumont 2006), and remanding cause to trial court for evidentiary hearing). The unsworn declaration itself does not state facts relating to the ineffective assistance claim. It merely makes reference to the statements in the motion.

Examining the statements in the motion, we observe that appellant generally avers that his trial counsel did not conduct a complete investigation of the facts and law prior to advising appellant to waive trial by jury and enter a guilty plea before the court.

Specifically, appellant alleges that his trial counsel never advised him that Robert Singleton, the complainant, was unable to identify appellant as having been at the robbery scene. The facts surrounding this alleged failure are not set out. The record reflects that prior to appellant's guilty plea, the trial court conducted a hearing on a pretrial motion to suppress identification evidence. Appellant, who speaks Spanish, was present and an interpreter was shown to have been sworn for purposes of the hearing. The two State's witnesses testified in the English language. It appears the interpreter translated for appellant. Singleton testified that he had been unable to identify appellant from a photographic spread and was unable to make an in-court identification of appellant as one of his assailants. The trial court overruled the motion because there was no identification to be suppressed. The record reflects that appellant had knowledge of the lack of identification prior to the guilty plea.

Appellant asserts that his trial counsel failed to advise him that an expert witness could be appointed to challenge the State's DNA evidence. No other facts about this assertion are

8

alleged. No DNA evidence was offered by the State in the guilty plea proceedings. The record shows that blood was found in the getaway Dodge car and that a bloody shirt was recovered at the Bellaire Hospital in Houston where blood work on appellant was done. However, the results of any DNA analysis are not shown by the record.[5]

Appellant further alleges that his counsel failed to advise him about the legality of his arrest under an arrest warrant not supported by probable cause. The claim is made without other facts being revealed. The date of the arrest is not given, the name of the court issuing the warrant is missing, and why no probable cause existed is not mentioned. Most importantly, there is no claim that evidence was seized as a result of the arrest.

Appellant complains that his trial attorney did not advise him of the accomplice witness rule. *See* Tex. Code Crim. Proc. Ann. art. 38.14 (West 2005). The name of a co-defendant or other party who might be a witness for the State is not given, nor is an explanation made about how this failure to advise affected appellant's jury waiver or guilty plea. No accomplice witness testified.

The motion for new trial enumerates a laundry list of other "failures to advise," which are assertions without supporting facts. Appellant urges that his counsel failed to advise him that

---

[5] At the pretrial suppression of identification evidence hearing, Detective Roy Gay testified, on cross-examination, that appellant gave a fictitious name when he was arrested in Houston and that the blood work was sent to the Texas Department of Public Safety under that "alias" and "kind of screwed up the DPS." The DNA results had not reached Detective Gay at time of the September 14, 2004 hearing. The guilty plea proceedings took place on November 23 and December 13, 2004.

9

(1) in order to convict him, the State had to prove that he used or exhibited a firearm or knew that a party to the crime had and intended to use a firearm in the commission of the robbery;

(2) a jury could find him guilty of a lesser included offense if the jury had a reasonable doubt about the firearm allegation;

(3) a jury could not grant probation unless a motion for probation was filed;

(4) where a jury trial is waived, the trial court cannot grant probation upon a conviction for aggravated robbery with a firearm; and

(5) his parole eligibility would be affected by an affirmative finding of the use of a firearm.

Appellant's pleadings need not reflect each and every component legally required to establish relief, but must reflect reasonable grounds exist to believe that counsel's representation may have been ineffective. *See Martinez*, 74 S.W.3d at 22. The question is not whether the trial court has reasonably denied the motion for a new trial, but rather whether the trial court has reasonably denied appellant a hearing on his motion for a new trial. *See Wallace*, 106 S.W.3d at 108.

We conclude that the pleadings in the motion for new trial are insufficient to demonstrate that reasonable grounds exist to show that error has occurred. The trial court did not abuse its discretion in failing to accord appellant a hearing on the motion for new trial.[6] The second point of error is overruled.

---

[6] We do not reach the State's contention that appellant failed to preserve any complaint for appeal. The State contends that while appellant requested a hearing on his motion for new trial, he never obtained a ruling on that request or objected to the trial court's refusal to rule. *See Oestrick v. State*, 939 S.W.2d 232, 235 (Tex. App.—Austin 1997, pet. ref'd); *cf. Torres v. State*, 4 S.W.3d 295, 297 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *Vera v. State*, 868 S.W.2d 433, 435 (Tex. App.—San Antonio 1994, no pet.).

The judgment of conviction is affirmed.

_____

John F. Onion, Jr., Justice

Before Chief Justice Law, Justices Pemberton and Onion*

Affirmed

Filed:   May 9, 2007

Do Not Publish

*  Before John F. Onion, Jr., Presiding Judge (retired), Texas Court of Criminal Appeals, sitting by assignment.  *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).