NO. 07-11-0166-CR
NO. 07-11-0167-CR
NO. 07-11-0168-CR
NO. 07-11-0169-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 30, 2012

_____

SERGIO GONZALEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;
NOS. 2010-426,984, 2010-427,050, 2010-427,660; 2010-427,661
HONORABLE BRADLEY UNDERWOOD, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Sergio Gonzalez pled guilty in open court to burglary of a habitation

with intent to commit a felony other than felony theft, while using or exhibiting a deadly

weapon, in three cases[1] and aggravated robbery while using or exhibiting a deadly

_____

[1]Cause Nos. 2010-426,984, 2010-427,660, and 2010-427,661.  *See* Tex. Penal Code Ann. § 30.02(d)
(West 2011).

weapon in a fourth case.[2]  Each charge was enhanced by a prior felony conviction.[3]  He was sentenced to confinement for life in each case with the sentences to run concurrently.  In six points of error, Appellant asserts that (1) in Cause No. 2010-426,984, the trial court erred by finding he waived trial by jury despite the absence of a written waiver, and (2)-(5) the trial court violated his due process rights in all four cases by failing to inform him of the applicable punishment range until after he had entered a plea of guilty, and (6) in 2010-427,661, the trial court erred by accepting his guilty plea when there was insufficient evidence to support the plea.  We modify the judgment in Cause No. 2010-427,050 to delete the award of $2,225.25 in court-appointed attorney's fees and we affirm that judgment as modified.  The remaining judgments are affirmed.

### FIRST POINT OF ERROR

In Appellant's first point of error, he asserts that, in Cause No. 2010-426,984, the trial court erred by failing to obtain a *written* waiver of his right to trial by jury in violation of article 1.13 of the Texas Code of Criminal Procedure.  Tex. Code Crim. Proc. Ann. art. 1.13 (West Supp. 2011).[4]  Article 1.13(a) provides that, in any criminal prosecution except a capital felony case, a defendant shall have the right, upon entering a plea, to waive the right of trial by jury.  *Id.*  "[T]he waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the state."  *Id.*

---

[2]Cause No. 2010-427,050.  *See* Tex. Penal Code Ann. § 29.03(a)(2) (West 2011).

[3]*See* Tex. Penal Code Ann.  § 12.42(c)(1) (West Supp. 2011).

[4]We will cite provisions of the Texas Code of Criminal Procedure as "article _____" or "art. _____" throughout the remainder of his opinion.

After Appellant's brief on appeal was filed, the State sought to supplement the clerk's record by including Appellant's "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" executed on the day of his plea. This document contains Appellant's written waiver of his right to trial by jury in Cause No. 2010-426,984. The waiver was signed by Appellant in open court and approved by signature of the prosecuting attorney and the trial judge in compliance with article 1.13. Apparently, the waiver was inadvertently omitted from the record originally filed with this Court. Appellant's first point of error is overruled.

**SECOND, THIRD, FOURTH AND FIFTH POINTS OF ERROR**

In Appellant's second, third, fourth and fifth points of error, he asserts the trial court violated article 26.13 of the Texas Code of Criminal Procedure by failing to inform him of the range of punishment applicable to each offense prior to his guilty pleas in open court. Tex. Code Crim. Proc. Ann. art. 26.13 (West Supp. 2011). Article 26.13(a) provides that "[p]*rior to accepting a plea of guilty* . . . , the court shall admonish the defendant of: (1) the range of punishment attached to the offense. . . ." (Emphasis added).

After Appellant pled guilty to each of the offenses, including the enhancement paragraph, in all four cases, the trial court admonished him regarding the applicable range of punishment. Appellant indicated he understood the punishment range and had no questions. Thereafter, the trial court stated that it "will *accept* your plea of guilty in each of these four cases." (Emphasis added.) We find the trial court complied with the

3

requirements of article 26.13(a)(1). *See Ex parte Tovar,* 901 S.W.2d 484, 485-86 (Tex.Crim.App. 1995).

Moreover, prior to his pleas of guilty, Appellant signed written admonishments in each of the four cases informing him of the applicable range of punishment. In the written admonishments, Appellant acknowledged that he had been advised of the range of punishment in each cause. These written admonishments were signed by Appellant, his attorney and the trial court. *See Valdez v. State,* 82 S.W.3d 784, 787-88 (Tex.App.—Corpus Christi 2002, no pet.) ("A plea is not rendered involuntary when oral admonishments are not given to the accused concerning the consequences of his plea where the record shows a written admonition, and the accused and his counsel executed required acknowledgements.") Appellant's second, third, fourth and fifth points of error are overruled.

### SIXTH POINT OF ERROR

Appellant's sixth point of error asserts that, in Cause No. 2010-427,661, the trial court erred by accepting his plea of guilty when there was insufficient evidence to support that plea, in contravention of article 1.15. Tex. Code Crim. Proc. Ann. art. 1.15 (West 2011). In a bench trial, a plea of guilty alone will not support a felony conviction, consistent with article 1.15, unless it is supported by sufficient evidence. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex.Crim.App. 2009). For purposes of article 1.15, a judicial confession can suffice as sufficient evidence to support a plea of guilty. *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex.Crim.App. 1980) (op. on reh'g).

4

Here, Appellant signed and filed with the papers in this case, a document entitled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," wherein he stated that he understood the allegations against him and he confessed to the truth of those allegations stating that, "on or about 28th day of February, A.D. 2010, in Lubbock County, Texas, I, SERGIO GONZALEZ, hereafter styled the Defendant, did then and there intentionally or knowingly entered a habitation, without the effective consent of Jorge Cruz, the owner thereof, and attempted to commit or committed the felony offense of robbery; And, . . . during the commission of the aforesaid offense . . . used or exhibited a deadly weapon to wit: a firearm, that in its manner or use or intended use was capable of causing death or serious bodily injury." Although Appellant concedes that he signed this judicial confession, he asserts the confession is insufficient because the trial court did not take formal judicial notice of it and the State did not introduce it into evidence. Although not formally introduced into evidence, this confession was witnessed by Appellant's counsel, approved by the prosecutor and accepted by the trial court.

A judicial confession need not be formally introduced into evidence, by way of an offer and acceptance of evidence or judicial notice, in order to satisfy the requirements of article 1.15, so long as it is properly in the record. *See Richardson v. State*, 475 S.W.2d 932, 933 (Tex.Crim.App. 1972). *See also Rexford v. State*, 818 S.W.2d 494, 495 (Tex.App.--Houston [1st Dist.] 1991, pet. ref'd) (holding that a judicial confession never formally admitted into evidence was sufficient for purposes of article 1.15 because the document was "on file with and approved by the trial court; thus, it was accepted and considered by the court"). Appellant's sixth point of error is overruled.

5

**JUDGMENT OF CONVICTION AND COURT-APPOINTED ATTORNEY'S FEES**

We also note an issue not raised by Appellant regarding the assessment of court-appointed attorney's fees.[5] The written judgment in Cause No. 2010-427,050 reflects an assessment of court-appointed attorney's fees totaling $2,225.25, as court costs. In order to assess attorney's fees as court costs, a trial court must determine that the defendant has financial resources that enable him to offset in part, or in whole, the costs of the legal services provided. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2011). Here, the clerk's record reflects the trial court found Appellant indigent and unable to afford the cost of legal representation and appointed an attorney to defend him in the trial court's proceedings. Unless a material change in his financial resources occurs, once a criminal defendant has been found to be indigent, he or she is presumed to remain indigent. Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2011). Therefore, because there is evidence of record demonstrating that Appellant was indigent and qualified for court-appointed counsel, we presume his financial status has not changed.

Furthermore, the record must reflect some factual basis to support the determination that the defendant is capable of paying attorney's fees. *Perez v. State,* 323 S.W.3d 298, 307 (Tex.App.—Amarillo 2010, pet. ref'd). *See Barrera v. State,* 291 S.W.3d 515, 518 Amarillo 2009, no pet.); *Perez v. State,* 280 S.W.3d 886, 887 (Tex.App.—Amarillo 2009, no pet.). We note that the record in this case does not contain a pronouncement, determination, or finding that Appellant had financial

---

[5]When a defendant appeals his conviction, courts of appeals have the jurisdiction to address any error in that case. *Pfeiffer v. State*, No. PD-1234-11, ___ S.W.3d ___, 2012 Tex.Crim.App. 568, at *10 (Tex.Crim.App. April 18, 2012).

resources that enable him to pay all, or any part of, the fees paid his court-appointed counsel, and we are unable to find any evidence to support such a determination. Therefore, we conclude that the order to pay attorney's fees was improper. *See Mayer v. State*, 309 S.W.3d 552, 555-56 (Tex.Crim.App. 2010). When the evidence does not support an order to pay attorney's fees, the proper remedy is to delete the order from the judgment. *Id.* at 557. *See Anderson v. State*, No. 03-09-00630-CR, 2010 Tex. App. LEXIS 5033, at *9 (Tex.App.—Austin, July 1, 2010, no pet.) (modifying judgment to delete court-appointed attorney's fees). Accordingly, we modify the judgment in Cause No. 2010-427,050 to delete the assessment of $2,225.25 in attorney's fees as costs of court.

## CONCLUSION

Having modified the judgment in Cause No. 2010-427,050 to delete the assessment of $2,225.25 in attorney's fees as costs of court, we affirm that judgment as modified. The remaining judgments of the trial court are affirmed.


Patrick A. Pirtle
Justice

Do not publish.

7