**Jorge Felix BLANCO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–88–151–CR.**

Court of Appeals of Texas,
Corpus Christi.

May 4, 1989.

Juan Jose Martinez, Brownsville, for appellant.

Ben Euresti, Jr., County Crim. Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and SEERDEN and KENNEDY, JJ.

OPINION

SEERDEN, Justice.

Appellant pleaded guilty to possession of marihuana in an amount more than 50 pounds but less than 200 pounds, a felony. The trial court assessed punishment at 20 years in the Texas Department of Corrections. By a sole point of error, appellant contends that the court erred in failing to admonish him about the effect of a guilty plea on a non-citizen of the United States as Tex.Code Crim.Proc.Ann. art. 26.13(a)(4) (Vernon Supp.1989) requires. The State has not favored us with a brief. We affirm the trial court's judgment.

The record shows that the trial court orally inquired of the appellant concerning the voluntariness of his guilty plea, whether he had been threatened, forced, or coerced, whether any promises had been made to him, whether he was competent to stand trial and whether he understood the charges and the proceedings. In addition the trial court admonished appellant of the range of punishment. Even though there was no plea bargain, the careful trial judge explained the effect of a plea bargain, had there been one.

The trial judge did not orally admonish appellant of the matters listed in art. 26.-13(a)(4), which provides:

(4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law,

although the judge knew appellant was a citizen of Mexico.

The trial judge also orally discussed with appellant the fact that he had signed a document entitled *Written Waiver And Consent To Stipulation of Testimony, Waiver of Jury, and Plea of Guilty.* The

appellant affirmatively stated his attorney explained the contents of this document to him and interpreted it into the Spanish language. This document contains the admonition to non-citizens set out above. Appellant's attorney certified that he explained this document to appellant, that appellant understood it, and that he voluntarily and knowingly entered into it with the advice and consent of his attorney.

The trial judge entered her written approval of the document by signing a statement reciting her satisfaction with same and ordered these written documents filed in the papers of the case.

Tex.Code Crim.Proc.Ann. art. 26.13(d) (Vernon Supp.1989) permits the court to make its admonitions either orally or in writing. Section (c) states that substantial compliance with making the admonishments is sufficient unless defendant affirmatively shows he was not aware of the consequences of his plea and was misled or harmed by the admonishment of the court.

We hold that the written document containing the admonishment for non-citizens substantially complied with the requirements of art. 26.13(d)(4) and that appellant has made no showing that he was unaware of the consequences of his plea or that he was misled or harmed by the court's admonishment.

The judgment of the trial court is AFFIRMED.