**Ex Parte Roy Lester LAFON, Appellant.**

No. 05–98–00712–CR

Court of Appeals of Texas,
Dallas.

Nov. 3, 1998.

Michael Curran, Jouette and Curran, McKinney, for Appellant.

Tom O'Connell, Criminal District Attorney, McKinney, for Appellee.

Before THOMAS, C.J., and BRIDGES and ROACH, JJ.

## OPINION

THOMAS, Chief Justice.

Roy Lester Lafon appeals the trial court's denial of relief requested in an application for writ of habeas corpus. In his application, appellant challenged the voluntariness of a no contest plea that resulted in his conviction for driving while intoxicated. *See* TEX.CODE CRIM. PROC. ANN. arts. 11.05, 11.09 (Vernon 1977). Appellant contends the trial court abused its discretion in rejecting his claim that the attorney who represented him at the plea proceeding rendered ineffective assistance of counsel in violation of the Sixth Amendment. We disagree with appellant and affirm the trial court's order denying relief.

### PROCEDURAL BACKGROUND

A visiting judge convicted appellant on September 22, 1995 of driving while intoxicated (DWI) after appellant entered a no contest plea. The visiting judge assessed punishment at two years' probation with thirty days' confinement as a condition of probation. The same day, appellant's retained counsel filed a notice of appeal. No brief was ever filed in the appeal, however, and on October 21, 1997, this Court abated the appeal and ordered the trial court to conduct a hearing to determine why appellant's brief had not been filed and whether he desired to prosecute the appeal. The trial judge nor-mally assigned to the county court conducted the hearing and found that appellant did not wish to pursue the appeal. The judge also found that retained counsel made no effort to prosecute the appeal because that was what appellant wished.

After the appeal was reinstated, retained counsel filed a motion to withdraw the notice of appeal, to which appellant agreed, on the ground that there was no justiciable issue for the court of appeals to decide. This Court granted the motion and withdrew the appeal. The trial court then ordered appellant's probationary period to begin. Appellant was scheduled to start serving his thirty-day commitment on March 2, 1998. Appellant's new retained counsel then filed the application for writ of habeas corpus and obtained an order from the trial judge delaying appellant's commitment until such time as the writ was heard.

The visiting judge who had accepted appellant's plea of no contest conducted the hearing on the merits of appellant's writ application. In his application, appellant asserted that his original retained counsel rendered ineffective assistance. Appellant complained that, after failing to obtain any appealable pretrial rulings, counsel erroneously advised him that he would have a better chance of "acquittal" if, instead of going to trial, he pled no contest to the DWI charge and appealed his case. Appellant also complained that counsel failed to file a record or brief in the appeal and failed to inform appellant of this fact when he persuaded appellant to sign the motion to withdraw the notice of appeal. Appellant contended counsel's errors rendered his no contest plea involuntary.

At the writ hearing, the visiting judge reviewed the reporter's record and docket sheet from the DWI plea hearing and heard testimony from appellant and his original retained counsel. The visiting judge found, among other things, that appellant's direct appeal was filed solely for purposes of delay. He also concluded that counsel did not render ineffective assistance and that appellant voluntarily entered his no contest plea. Ap-

pellant now appeals this ruling.[1]

## DISCUSSION

Initially, we note that the visiting judge stated during the hearing, and the parties acquiesced, that he had, in fact, ruled on a motion to quash the DWI indictment. Thus, appellant's contention that no appealable pretrial rulings were made by the judge who heard his plea is incorrect. Second, appellant does not complain that counsel's representation compromised his appeal. His only contention is that counsel rendered ineffective assistance at trial, inducing him to enter an involuntary plea. Therefore, we are left with one issue to review: whether counsel's alleged erroneous advice to plead no contest and pursue an appeal, in addition to his alleged failure to prosecute that appeal, rendered appellant's plea involuntary.

▨ The burden of persuasion in a writ of habeas corpus is on the applicant to prove his allegations by a preponderance of the evidence. *Guzman v. State*, 841 S.W.2d 61, 67 (Tex.App.—El Paso 1992, pet. ref'd). In reviewing the trial court's decision, we view the evidence in the light most favorable to the ruling and accord great deference to the trial court's findings and conclusions. *See McCulloch v. State*, 925 S.W.2d 14, 15–16 (Tex.App.—Tyler, pet.ref'd), *cert. denied*, 516 U.S. 976, 116 S.Ct. 477, 133 L.Ed.2d 406 (1995). Absent a clear abuse of discretion, we accept the trial court's decision whether to grant the relief requested in a habeas corpus application. *See Ex parte Ayers*, 921 S.W.2d 438, 440 (Tex.App.—Houston [1st Dist.] 1996, no pet.).

▨ No plea of guilty or no contest may be accepted by a trial court unless it is freely and voluntarily given. TEX.CODE CRIM. PROC. ANN. art. 26.13(b) (Vernon 1989). Moreover, an accused is entitled to effective assistance of counsel during the plea bargaining process. *Ex parte Battle*, 817 S.W.2d 81, 83

(Tex.Crim.App.1991) (citing *Ex parte Wilson*, 724 S.W.2d 72, 73 (Tex.Crim.App.1987)). A defendant's plea of guilty or no contest is not voluntary or knowing when it is based upon the erroneous advice of counsel. *Battle*, 817 S.W.2d at 83; *see also Brady v. United States*, 397 U.S. 742, 753, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). As a general rule, we determine the voluntariness of an appellant's plea based upon the "totality of the circumstances" surrounding the plea. *Griffin v. State*, 703 S.W.2d 193, 196 (Tex.Crim.App. 1986).

▨ The testimony below conflicts as to whether appellant entered his plea in reliance on erroneous advice by counsel. Appellant testified that, because of his extensive criminal history, including several prior DWI convictions, counsel told him not to go to trial, but to plead no contest and file an appeal instead. Appellant said counsel wanted to enter the plea while the visiting judge was sitting because counsel had practiced law in front of that judge for thirty years and the two men were "duck-hunting friends." Appellant testified that counsel implied the appeal would get lost or "fall through the cracks" and that appellant would never have to serve his sentence. Appellant said counsel suggested the "fix was in" and the visiting judge would do something with the file on appeal. Appellant maintains that he entered his no contest plea because he believed what his attorney said.

Appellant's retained trial counsel, on the other hand, testified that he wanted appellant to enter his plea before the visiting judge instead of the judge assigned to the court because, in light of the judges' different reputations, appellant would probably get a more favorable sentence from the visiting judge. Counsel said he was willing to try the case and that appellant's decision to enter a plea was his free choice. Counsel denied suggesting that "the fix was in" or that the

---

1. This accelerated appeal was originally filed in April 1998 but could not be disposed of because the record was incomplete. In particular, the written order being appealed was not in the clerk's record and, in fact, did not exist. After repeated communications and requests, defense counsel finally obtained the order and a copy of

it was provided to the Clerk of this Court on September 1, 1998.

Such delays due to an incomplete record are not uncommon in habeas corpus appeals from Collin County. Practitioners are well advised to make the written order denying relief part of the record at the hearing or immediately thereafter.

case would "fall through the cracks." Counsel stated that, to facilitate the appeal, he filed a motion to quash that, in his opinion, had no merit whatsoever. Counsel advised appellant that an appeal may take a year or two. Counsel testified he told appellant they would file an appeal to delay imposition of appellant's sentence to allow appellant, a professional truck driver, to see if anything could be done to prevent him from losing his commercial driver's license as a result of the conviction. Counsel testified that appellant knew there was no appealable issue in the case.

The determinative issue in this case hinges on an assessment of the witnesses' credibility. The evidence conflicts with regard to whether counsel told appellant he would be "acquitted" on appeal or merely promised that an appeal would delay imposition of appellant's sentence. Because we review the evidence in the light most favorable to the trial court's ruling and because counsel testified that he merely promised to delay the imposition of appellant's sentence by filing an appeal, we must conclude the trial judge did not abuse his discretion in finding against appellant. In so concluding, we note that counsel, in fact, fulfilled his promise to delay the imposition of appellant's probated sentence by more than two years. Accordingly, we overrule appellant's sole point of error.

■ Although we conclude the trial court did not err in rejecting appellant's version of the facts and concluding counsel rendered effective representation, the conduct admitted by retained counsel during his testimony concerns us. Rule 3.01 of the Texas Disciplinary Rules of Professional Conduct provides, "A lawyer shall not *bring or defend a proceeding,* or assert or controvert an issue therein, unless the lawyer reasonably believes that there is a basis for doing so that is not frivolous." Tex. Disciplinary R. Prof. Conduct 3.01, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (Vernon 1998) (emphasis added); *see also McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 436, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988) (an attorney is under an ethical obligation to refuse to prosecute a frivolous appeal); *Lawyers' Duties to the Court, Standards for Ap-*

*pellate Conduct,* State B. Tex. Appellate Prac. & Advoc. Sec. R. 2 (appeal should not be pursued for purely tactical reasons, such as delay). Lawyers owe a duty of scrupulous honesty, forthrightness, and the highest degree of ethical conduct, and inherent in these duties is compliance with both the spirit and the express terms of established rules of conduct and procedure. *In the matter of J.B.K.,* 931 S.W.2d 581, 583 (Tex.App.—El Paso 1996, no writ).

During his testimony, retained counsel freely admitted that he (1) filed a motion to quash that, in his opinion, "had no merit whatsoever," merely to give appellant a chance to "do something with his license," and (2) filed an appeal in which there was no appealable issue, (3) for the sole purpose of delaying the imposition of appellant's sentence. Furthermore, while that appeal remained pending in this Court for two years, counsel failed to file a reporter's record or brief. The appeal was subsequently abated by this Court for the trial court to conduct a hearing on the matter, the result of which was the withdrawal of appellant's notice of appeal. Although counsel stopped short of filing a brief in the appeal, apparently in recognition of the fact that there were no justiciable issues to discuss, we believe the frivolous motion to quash and notice of appeal, which he filed for the sole purpose of obstructing the implementation of a criminal sentence, constitute an abuse of the legal process and violate the spirit and letter of disciplinary rule 3.01.

■ A judge who receives information clearly establishing that a lawyer has violated the Texas Disciplinary Rules of Professional Conduct should take appropriate action. *Johnson v. Johnson,* 948 S.W.2d 835, 841 (Tex.App.—San Antonio 1997, writ denied). When the violation raises a substantial question about the lawyer's honesty, trustworthiness, or fitness as a lawyer, the judge shall inform the Office of the General Counsel of the State Bar of Texas or take other appropriate action. *Id.; see* Tex.Code Jud. Conduct, Canon 3D(2) (1993), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. B (Vernon 1998). Accordingly, we order Lisa Rombok, the Clerk of the Court, to

forward a copy of this opinion and the reporter's record to the Office of the General Counsel of the State Bar of Texas for investigation and any other action it may deem necessary.

We affirm the trial court's order denying relief.