NUMBER
13-01-840-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

ANASTACIO VALDEZ,                                                           Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

___________________________________________________________________

 

                        On
appeal from the 357th District Court

                                 of
Cameron County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

                  Before
Justices Dorsey, Hinojosa, and Rodriguez

                                Opinion
by Justice Rodriguez

 













 In accordance with a
plea agreement, appellant, Anastacio Valdez, pleaded no contest to the felony
offense of forgery.  See Tex. Pen. Code Ann. ' 32.21 (Vernon
Supp. 2002).  Appellant, a permanent
resident of the United States and a citizen of Mexico, was placed on deferred
adjudication community supervision for two years.  Approximately six years later, after
completing his community supervision and after receiving a letter from the
United States Department of Justice, Immigration and Naturalization (INS)
regarding deportation proceedings,[1]
appellant filed an application for writ of habeas corpus.[2]  His application was based on the alleged
failure of the trial court to admonish him concerning the immigration
consequences,[3]
as required by article 26.13(a)(4) of the Texas Code of Criminal Procedure.[4]  The trial court denied the writ.  Appellant now contends his plea was
involuntary because, at the time he entered his plea, he was not aware he could
be subject to deportation proceedings. 
We affirm the judgment of the trial court.

I.  Standard of Review

Generally, a guilty plea, or as in this case, a no contest
plea, Ais considered
voluntary if the defendant was made fully aware of the direct consequences.@  State v. Jimenez, 987 S.W.2d 886,
888-89 (Tex. Crim. App. 1999) (citing Brady v. United States, 397 U.S.
742, 755 (1970)).  AIt will not be
rendered involuntary by lack of knowledge as to some collateral consequence.@  Id. 
AThat a guilty
plea may result in deportation is generally considered a collateral
consequence.@  Id. 


In reviewing the trial court=s habeas corpus judgment, we view the
evidence in the light most favorable to the ruling.  Ex parte Lafon, 977 S.W.2d 865, 867
(Tex. App.BDallas 1998, no
pet.).  Absent a clear abuse of
discretion, we accept the trial court=s decision
whether to grant the relief requested in a habeas corpus application.  Id.

I.  Background








Before appellant entered his plea in the trial court, he signed
a document titled AWritten Waiver
and Consent to Stipulation of Testimony, Waiver of Jury, and Plea of [no
contest.]@  In the waiver, appellant was admonished as
follows:  A[i]f applicable: if not a citizen of the
United States of America I understand that a plea of guilty or nolo contendere
for the offense charged may result in deportation, the exclusion from admission
to this country, or the denial of naturalization under federal law.@  Immediately preceding the admonishment, the
document set out that appellant Awaives all
formalities of arraignment and reading of the indictment and voluntarily and
freely pleads no contest, as charged in the indictment in this cause.@ 

The attorney=s certificate,
signed by appellant=s trial
counsel, was attached to the waiver.  It
stated counsel believed appellant voluntarily and knowingly entered into the
waiver.  In his opinion, appellant was
able to and did understand the nature and consequences of the proceedings and
his plea.  Also attached to the waiver
was the trial court=s signed,
written approval setting out that it appeared to the court appellant=s plea was
given Afree and
voluntary.@  Finally, during the guilt phase of the trial,
appellant testified he understood the formalities and had gone over the
documents with his lawyer.








At the hearing on his application, however, appellant testified
he did not become aware that he could be deported until he received a letter
from the INS.  By affidavit attached to
his application, appellant stated INS took him into custody and started
proceedings against him because of the Aconviction and
sentence@ received in
the present case.  Appellant further
testified at the hearing that, before entering his plea, his trial counsel gave
him different documents to sign, telling him they were necessary so he could
represent him and ask for two years probation. 
Appellant testified he did not read the documents because he had them
for only five to ten minutes.  He also
stated counsel did not explain the documents to him.  According to appellant, his counsel told him
not to worry that the Aworse [he]
could get [was] probation.@ Appellant
testified that he was not aware that if he signed the documents he would be
subjected to deportation proceedings, and had he known the consequences of his
plea, he Awould have
asked the [c]ourt to give [him] permission to seek . . . counsel in regards of
immigration.@  The State offered and the trial court
admitted into evidence the waiver that contained the written admonishment.  Appellant=s trial counsel was not called to testify.

II.  Discussion

A habeas corpus applicant seeking relief from the failure to
receive an admonishment concerning the immigration consequences must establish
there was no admonishment given consistent with article 26.13(a)(4) of the code
of criminal procedure or otherwise suggesting the possibility of deportation,
and that the lack of such admonishment affected his decision to enter a plea of
no contest.  See Ex parte Tovar,
901 S.W.2d 484, 486 (Tex. Crim. App. 1995). 
The burden of proof in a writ of habeas corpus action is on the
applicant.  Lafon, 977 S.W.2d at
867.  The standard of proof is by a
preponderance of evidence.  Id.         








The admonitions required by article 26.13(d) may be made orally
or in writing.  Tex. Code Crim. Proc. Ann. art. 26.13(d) (Vernon 1989).  A plea is not rendered involuntary when oral
admonishments are not given to the accused concerning consequences of his plea
where the record shows a written admonition, and the accused and his counsel
executed required acknowledgments.  See
id.; Lindsey v. State, 902 S.W.2d 9, 12 (Tex. App.BCorpus Christi
1995, no pet.).  A filed document
containing the admonition that is acknowledged by appellant and counsel
substantially complies with article 26.13. 
Blanco v. State, 771 S.W.2d 598, 599 (Tex. App.--Corpus Christi
1989, no pet.).  The defendant must
affirmatively show he was not aware of the consequences of his plea and was
misled or harmed by the admonishment of the court.  Id. (citing Tex. Code Crim. Proc. Ann. art. 26.13(c) (Vernon 1989)).

At the hearing, appellant testified he did not understand the
consequences of his plea.  However, the
waiver containing the admonishment that a no contest plea entered for the
offense charged may result in Adeportation,
the exclusion from admission to this country, or the denial of naturalization
under federal law,@ was also
submitted to the court for its review at the hearing.  Appellant signed the document containing the
admonishment.  A certificate, signed by
his counsel, provided that appellant voluntarily and knowingly entered into the
waiver.  Additionally, the trial court=s signed,
written approval concluded appellant=s plea appeared
to have been given Afree and
voluntary.@








Viewing the evidence in the light most favorable to the ruling,
Lafon, 977 S.W.2d at 867, we conclude appellant has failed to meet his
burden of proof to establish there was no admonishment given consistent with
article 26.13(a)(4).  See Tovar,
901 S.W.2d at 486.  We cannot conclude,
by a preponderance of the evidence, appellant affirmatively showed he was not
aware of the consequences of his plea.  See
Blanco, 771 S.W.2d at 599.  The trial
court did not abuse its discretion when it denied the relief requested in
appellant=s habeas corpus
application.  Id.  Appellant=s second point of error is overruled.[5]

The
judgment of the trial court is affirmed.                                                                      

NELDA
V. RODRIGUEZ

Justice

 

Publish.

Tex.
R. App. P.
47.3.

 

Opinion delivered and
filed

this 1st day of
August, 2002.

 











[1]Although
the record is silent regarding the content of the letter, appellant=s
affidavit attached to his application for writ of habeas corpus sets out he was
taken into custody and the INS began deportation proceedings.





[2]Appellant
first titled his document a motion to vacate the judgment and later filed an
amendment asking that it be re-titled ADefendant=s
Writ of Habeas Corpus/Defendant=s
Writ of Error Coram Nobis.@  Based on our review of the record and
arguments made, it is apparent appellant brings this as a habeas corpus
proceeding pursuant to article 11.05 of the code of criminal procedure.  See 
Tex. Code Crim. Proc. Ann.
art. 11.05 (Vernon 1977).  We, therefore,
need not address issues related to a direct appeal or a writ or error coram
nobis.





[3]Any
alien convicted of a crime involving moral turpitude [in this case, forgery]
committed within five years (or ten years in the case of an alien provided
lawful permanent resident status under section 245(j) [8 U.S.C.S. '
1255(j)]) after the date of admission, and is convicted of a crime for which a
sentence of one year or longer may be imposed, is deportable.  8 U.S.C.S. '
1227(a)(2)(A)(i) (2002).





[4]Article
26.13 of the Texas Code of Criminal Procedure provides, in pertinent part:

 

(a)
Prior to accepting a plea of guilty or a plea of nolo contendere, the court
shall admonish the defendant of:

 

*
* * * *

 

(4)
the fact that if the defendant is not a citizen of the United States of
America, a plea of guilty or nolo contendere for the offense charged may result
in deportation, the exclusion from admission to this country, or the denial of
naturalization under federal law.

 

See
Tex. Code Crim. Proc. Ann. art.
26.13(a)(4) (Vernon Supp. 2002).





[5]The
State asserts appellant=s issues should
be overruled on the basis that appellant failed to present authority showing
that he is not attacking his judgment on a collateral matter.  By his first point of error, in response to
this assertion, appellant contends the motion was not a collateral attack on
the trial court=s judgment of
conviction.  Neither party, however,
provided argument, authority or record cites developing their Acollateral
matter@ or Acollateral
attack@
contentions.  See  Tex.
R. App. P. 38.1(h).  Therefore, we
need not address these issues.