Roderick Courtney, et al. v. Young Bros.















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-00053-CV

Â Â Â Â Â RODERICK COURTNEY, INDIVIDUALLY
Â Â Â Â Â AND AS NEXT OF FRIEND 
Â Â Â Â Â OF AMBER COURTNEY, A MINOR,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellants
Â Â Â Â Â v.

Â Â Â Â Â YOUNG BROTHERS, INC. CONTRACTORS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 74th District Court
McLennan County, Texas
Trial Court # 96-3915-3
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â The above cause has been stayed since March 2001 because of a bankrtuptcy proceeding
initiated by Appellant. The Court received notice on June 15, 2001, the bankruptcy
proceeding was dismissed. The Clerk of this Court notified the parties by letter dated
February 26, 2004 that the appeal would be dismissed unless a response showing grounds for
continuing the appeal was filed within ten days. No response has been received. Therefore,
this appeal is reinstated and dismissed for want of prosecution. See Courtney v. City of Waco,
92 S.W.3d 847, 848 (Tex. App.âWaco 2002, no pet.).
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Gray,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Reyna
Appeal dismissed 
Opinion delivered and filed March 31, 2004
[CV06]



"CG Times";text-transform:uppercase;mso-no-proof:yes'>Texas,

 Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellee

Â 

Â 

Â 



From the 40th District Court

Ellis County, Texas

Trial Court # 25704CR

Â 



O p i n i o n



Â 

Â Â Â Â Â Â Â Â Â  Nathan
Kniatt was charged with possession of methamphetamine.Â  On December 11, 2001, he entered a plea of guilty.Â  In accordance with a plea bargain agreement,
the trial court deferred adjudication of guilt, placed Kniatt on community
supervision for three years, and assessed a fine of $3,000.Â  On February 27, 2003, the State filed a motion to revoke KniattÂs
community supervision and to proceed with adjudication of guilt.Â  On April 3, 2003, Kniatt filed an application for a writ of
habeas corpus and a motion to recuse the trial judge.Â  After a hearing before a different judge,
sitting by assignment, the motion to recuse was denied.Â  The trial court heard the StateÂs motion to
revoke on June 4, 2003, and adjudicated Kniatt guilty.Â  On June 13, 2003, the trial court heard testimony on KniattÂs
application for writ of habeas corpus, and denied the writ by order on June 19,
 2003.Â  Kniatt appeals from this determination.

Jurisdiction

Â Â Â Â Â Â Â Â Â  Kniatt
alleged in the application for writ of habeas corpus that his 2001 plea to the charge
was not voluntary.Â  Kniatt filed his
application while the motion to revoke community supervision was still
pending.Â  KniattÂs habeas application
concerns a pre-adjudication application for relief pursuant to Article 11.08 of
the Texas Code of Criminal Procedure.Â  Tex. Code Crim. Proc. Ann. art. 11.08 (Vernon 1977).Â  Under
article 11.08, a criminal defendant who has been indicted, but not yet
convicted, may file an application for writ of habeas corpus that is returnable
to the court in which the defendant stands indicted.Â  Id.Â  Nothing
prevents a probationer from filing an article 11.08 or 11.09 writ application
after the State has filed a motion to revoke, and nothing prevents the trial
court from considering the application along with the StateÂs motion to revoke
probation.Â  Jordan v.
State, 54 S.W.3d 783, 786 (Tex. Crim. App. 2001).Â  Because probation is not considered to be a
final conviction, an application for writ of habeas corpus filed during the
pendency of revocation proceedings is returnable to the trial court and
reviewable by a court of appeals.Â  Nix v. State, 65 S.W.3d 664, 669 (Tex. Crim. App. 2001).Â  The court of return distinguishes the
pre-conviction writ from the post-conviction writ, the latter being made
returnable to the Texas Court of Criminal Appeals after review by the trial
court.Â  Tex.
Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2004); Ex parte Gray, 126 S.W.3d 565, n.3 (Tex.
App.ÂTexarkana 2003).Â  KniattÂs
application was made while he was still on community supervision pursuant to a
deferral order.Â  The application was
therefore a pre-conviction writ, regardless of the fact that the trial court proceeded
to adjudicate before hearing and denying KniattÂs application.Â  Thus, we have jurisdiction to consider
KniattÂs appeal from the denial of the writ.[1]

Involuntary
Plea

Â Â Â Â Â Â Â Â Â  Kniatt
argues that the trial court erred in denying his application for writ of habeas
corpus on the grounds that his plea on December 11, 2001, was not voluntarily given.Â  

The burden of persuasion in a writ of habeas
corpus is on the applicant to prove his allegations by a preponderance of the
evidence.Â  Ex parte Lafon, 977 S.W.2d 865, 867 (Tex. App.ÂDallas 1998, no
pet.).Â  We review the evidence presented
in the light most favorable to the trial courtÂs ruling and accord great
deference to the trial courtÂs findings and conclusions.Â  Id.Â  We will
accept the trial courtÂs decision whether to grant the requested relief absent
an abuse of discretion.Â  Id.; Ex parte
Ayers, 921 S.W.2d 438, 440 (Tex. App.ÂHouston [1st Dist.] 1996, no pet.).

When a defendant attests at his original plea
hearing to the voluntary nature of his plea, there is a heavy burden on him at
a later hearing to show a lack of voluntariness.Â  Coronado
v. State, 25 S.W.3d 806, 809 (Tex. App.ÂWaco 2000, pet. refÂd).Â  To determine the voluntariness of a plea, we
examine the record as a whole.Â  Id.

Kniatt contends that the statements and actions
of his former counsel, the assistant district attorney, and the trial court
operated to render his plea involuntary.Â 
In June 2001, while Kniatt was in jail on the methamphetamine charge,
his father hired attorney Ted Redington to represent Kniatt.Â  In November of 2001, Redington met with
Kniatt and discussed the felony charge and a plea bargain offered by the State
for three years deferred adjudication and a $1,500 fine.Â  There is some dispute as to whether Kniatt
agreed to accept that plea bargain.Â  On December 7,
 2001, KniattÂs father
accompanied him to his pretrial appearance.Â 
Before the appearance, Redington, Kniatt, and his father met and
discussed the plea agreement.Â  KniattÂs
father called the agreement ÂridiculousÂ and told Redington that they had
decided to go to trial and seek a new attorney.

When the trial judge called the case, Redington
and the prosecutor approached the bench to inform the judge that they had
thought they had an agreement but did not.Â 
Redington informed the judge that Kniatt wanted to fire him and hire
another lawyer.Â  From the bench, the
trial judge said:

As I understand from the attorneys they thought
they had a plea agreement.Â  In fact they
had a plea agreement, and today the defendant has reneged on that, doesnÂt want
the agreement.Â  IÂve also been informed
he wants to fire the lawyer.Â  All thatÂs
okay with me.Â  IÂll take all this
up.Â  DefendantÂs bond is revoked.Â  HeÂs going to jail pending trial.Â  Have a seat over there, sir.Â  WeÂll set your trial when we get around to
it.

Â 

Kniatt contends that the trial courtÂs action in
revoking his bond and ordering him held without bond pending trial constituted
an unconstitutional punishment in violation of the Due Process Clause of the
Fourteenth Amendment of the United States Constitution.Â  Due process requires that a pretrial detainee
not be punished.Â  Schall v. Martin, 467 U.S. 253, 269 (1984).Â  Kniatt argues that the trial courtÂs action
was intended to coerce him to plead guilty and punish him for exercising his
right to trial by jury.

In its finding of fact on the habeas
application, the trial court acknowledged that it ÂsanctionedÂ Kniatt by
revoking his bond and remanding him to jail in response to his decision to
renege on the plea bargain and replace his counsel. Â A trial court has great latitude and
discretion in fixing the amount of a bond.Â 
See Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon Supp. 2004-05).Â 
However, this discretion is more limited with respect to revoking a
bond.Â  See id. art. 17.40 (Vernon Supp. 2004-05) (requiring that a
magistrate find by a preponderance of the evidence that the defendant violated
a condition of the bond imposed before the bond may be revoked); see also Lee v. State, 39 S.W.3d 373,
376 (Tex. App.ÂHouston [1st Dist.] 2001, no pet.).Â  The record does not reveal any history of the
defendantÂs failing to appear in court as directed.Â  The power of the trial court to set bail is
not to be used to oppress or punish.Â  Tex. Code Crim. Proc. Ann. art. 17.15; Ex parte Vance, 608 S.W.2d 681, 683 (Tex.
Crim. App. 1980).

The record supports KniattÂs contention that the
trial court improperly revoked his bond.Â 
However, Kniatt must also show that the trial courtÂs action pressured
him to plead guilty.Â  Our review of the
record persuades us that a person in KniattÂs position would have reasonably
believed that his incarceration was the result of his decision not to plead
guilty.Â  At the hearing on KniattÂs
motion to recuse, Redington testified that he had told Kniatt that if he did
not plead guilty the judge was likely to send him to jail to await a trial
date.Â  Kniatt testified that he
subjectively felt pressured to change his plea and enter a plea of guilty.Â  He testified that the reason he changed his
mind between December 7 and December 11 was because he did not want to Âsit in
jail without a bond for who knows how long.ÂÂ 
At the time Kniatt entered his plea, he had been in jail for four days and
did not know when his case would be set for trial.

The State argues that Kniatt did not file a writ
of habeas corpus claiming the plea was involuntary until the State filed its
motion to revoke.Â  The State also points
out that Kniatt was properly admonished at the time he entered his plea and
affirmed that his plea was free and voluntary.Â 
Kniatt was not specifically asked at the time if his plea was coerced.

We find that Kniatt has met his burden of
showing by a preponderance of the evidence that his guilty plea was
involuntarily given.Â  We find that the
trial court erred in denying KniattÂs application for writ of habeas
corpus.Â  Accordingly, we sustain this
issue.Â  Having sustained this issue, we
need not address KniattÂs additional issue arguing that the trial court erred
in denying his motion to recuse the trial judge from considering the motion to
adjudicate and the habeas application.

CONCLUSION

We reverse the trial courtÂs denial of KniattÂs
application for a writ of habeas corpus and remand to the trial court to grant
Kniatt relief consistent with this opinion.Â 
We order the trial court to set aside the judgment adjudicating guilt
and proceed with a new trial.[2]Â Â  Â Â 

Â Â Â Â Â Â Â Â Â  Â 

BILL VANCE

Justice

Â 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

(Chief Justice
Gray dissenting)

Reversed and
remanded

Opinion
delivered and filed January 5, 2005

Publish

[CR25]











Â Â Â  [1]Â Â Â Â Â Â  Relying on Saucedo v. State, the State suggests we lack jurisdiction over this
appeal.Â  Saucedo v. State, 795 S.W.2d 8 (Tex. App.ÂHouston [14th Dist.]
1990, no pet.).Â  We disagree. 





Â Â Â  [2]Â Â Â Â Â Â  At oral argument, the State agreed that
if the application for writ of habeas corpus were granted, the proper remedy
would be to set aside the conviction.