NUMBER 13-10-00390-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

                                  CORPUS CHRISTI -
EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



EX PARTE MIGUEL ANGEL MARTINEZ

 

 



On appeal from the 138th District
Court

of Cameron County, Texas.

 

 



MEMORANDUM OPINION

 

Before Chief Justice Valdez and
Justices Rodriguez and Garza

Memorandum Opinion by
Chief Justice Valdez

Appellant, Miguel Angel Martinez, pleaded no contest to the offense of
aggravated sexual assault, a first degree felony.  See Tex. Pen. Code Ann. § 22.021 (West
Supp. 2010).  Pursuant to a plea bargain, the trial court deferred adjudication
and sentenced Martinez to 180 days in jail and community supervision.  Martinez
filed an application for post-conviction writ of habeas corpus relief pursuant
to Texas Code of Criminal Procedure article 11.072, which was denied.  See
Tex. Code Crim. Proc. Ann. art. 11.072 (West Supp. 2010).  On appeal,
Martinez challenges the trial court’s denial of his writ.  By two issues,
Martinez argues that: (1) the trial court failed to properly advise him on
immigration consequences pursuant to Texas Code of Criminal Procedure article
26.13, id. at art. 26.13 (West
Supp. 2010);  and (2) his defense counsel provided ineffective assistance
by failing to properly advise him of the immigration consequences of pleading no
contest to aggravated sexual assault.  We affirm.

I.             
Background

On November 2, 2009, Martinez pleaded no contest to an aggravated sexual
assault offense.  Martinez signed the court’s plea packet, which included a
written admonishment that informed Martinez in writing that if he is not a
United States citizen, his guilty plea could result in his deportation,
exclusion from admission to this country, or denial of naturalization under
federal law.  Martinez and his attorney signed the waiver stating that Martinez
went to the “9th grade in public school and can read, write and understand the
English language.”  Defense counsel also executed the certificate of
defendant’s attorney certifying that Martinez knew “that if he/she is not a
citizen of the United States, he/she may be subject to removal (deportation)
from the United States, exclusion from admissions from the United States,
and/or denial of naturalization under federal law.”  During the plea hearing, defense
counsel asked Martinez questions on the record about his knowledge of the
consequences of the plea:

Defense counsel:                I’ve also made you aware of
a plea of guilty has several consequences, one, the fact that you are not an
American citizen can affect you being deported, being excluded from this
country or being denied naturalization.  Do you understand that?  

 

Martinez:                                Yes.

 

The court accepted
the plea bargain and sentenced hiim to 180 days in jail and community
supervision. 

            On
March 3, 2010, Martinez filed an application for post-conviction writ of habeas
corpus relief pursuant to article 11.072 of the Texas Code of Criminal
Procedure.  See id. at art.
11.072 (West Supp. 2010).  In that application, Martinez alleged by two issues
that: (1) the trial court did not properly admonish him of the immigration
consequences that would result from a guilty plea for aggravated sexual assault;
and (2) that defense counsel provided ineffective assistance.

            The
trial court conducted a hearing on the application on April 13, 2010, in which
Martinez and his sister, Veronica Martinez, testified.  Martinez testified that
he only attended school for a little over two years and he only had an
understanding of the English language of about twenty-five to thirty percent.  He
also stated that he attended Texas State Technical College in a special program
to learn English but he never finished the first level, which is the equivalent
of attending elementary school.  Martinez also stated that he met with his defense
counsel four times for less than five minutes each time.  At the meetings,
Martinez testified that he told defense counsel of his concern about being
deported and defense counsel assured him not to worry because Martinez entered
the country as a minor and did not have any prior felonies.  According to
Martinez, defense counsel told him that the “most” he could get was two years’
imprisonment and that he would not be deported.  Martinez claimed that,
although defense counsel went on the record at his plea hearing stating that
Martinez could get deported, he disregarded this because he relied on defense
counsel’s previous statements that he would not get deported and just wanted to
move on with his life.  

            Veronica
testified that any time Martinez received mail in English she would have to
translate it for him because Martinez lacked an understanding of the English
language.  She also stated that Martinez only attended school for two years and
did not finish level one of the TSTC program.  According to Veronica,
Martinez’s vocabulary in English only amounted to, “excuse me,” “thank you,”
and “sorry.”   

            On May
25, 2010, the trial court issued an order denying the writ and finding: (1)
Martinez received the statutory admonishments from the Court, including one
regarding the possibility of deportation upon the entry of a plea of guilty;
(2) Martinez signed a statement reciting that he understood the admonitions and
was advised by defense counsel of the consequences; and (3) defense counsel was
effective in his representation of Martinez.  This appeal followed.  

II.           
Standard of review for Habeas
Corpus          

In reviewing the trial court's habeas corpus judgment, we view the
evidence in the light most favorable to the ruling.  Ex
parte Lafon, 977
S.W.2d 865, 867 (Tex. App.—Dallas 1998, no pet.).  Absent a clear abuse of discretion, we accept the
trial court's decision whether to grant the relief requested in a habeas corpus
application.  Id. 
To reverse a habeas corpus judgment the appellant must show by a preponderance
of evidence that he was unaware of a significant consequence of the plea.  Blanco
v. State, 771 S.W.2d 598, 599 (Tex. App.—Corpus Christi 1989, no pet.). 


When reviewing a guilty plea or, as in this case, a no contest plea, the
plea is voluntary if the defendant was made fully aware of the consequences. State
v. Jimenez, 987
S.W.2d 886, 888 (Tex. Crim. App. 1999). 
We afford almost total deference to the trial court’s determination of
historical facts supported by the record, especially when the facts require an
evaluation of credibility and demeanor.  Ex parte Amezquita, 223 S.W.3d 363,
367 (Tex. Crim. App. 2006).  

III.        Texas
Code of Criminal Procedure article 26.13

In his first issue,
Martinez asserts that the trial court failed to admonish him pursuant to Texas
Code of Criminal Procedure article 26.13.  See Tex. Code
Crim. Proc. Ann. art. 26.13. 
The State counters that Martinez was properly admonished because:  he acknowledged
in writing that if he was not a United States citizen and pleaded guilty, his
guilty plea could result in deportation; and the possibility of deportation was
discussed during the plea hearing.

A.        Applicable Law 

A judge accepting a plea of guilty or no contest is
required to provide the admonishments listed in Texas Code of Criminal
Procedure article 26.13.  See id.  The
Texas Code of Criminal Procedure article 26.13(a)(4)
provides:

(a)
Prior to accepting a plea of guilty or a plea of nolo contendere, the court
shall admonish the defendant of:

 

(4)
the fact that if the defendant is not a citizen of the United States of
America, a plea of guilty or nolo contendere for the offense charged may result
in deportation, the exclusion from admission to this country, or the denial of
naturalization under federal law.

 

Id. 
A judge may do so orally or in writing.  Id.   If in writing,
there must be a statement signed by the defendant and his attorney that he
understands the admonishments and is aware of the consequences of his plea. Id.  When
the admonishments are provided in writing and the defendant and his attorney
have provided the required acknowledgment, it is not necessary that the trial
court orally reiterate the admonishments to the defendant.  Blanco, 771 S.W.2d at 599.  Article 26.13(c) provides that “substantial
compliance by the court is sufficient” when admonishing a defendant “unless the
defendant affirmatively shows that he was not aware of the consequences of his
plea and that he was misled or harmed by the admonishment of the court.”  Tex. Code Crim. Proc. Ann. art . 26.13.   

B.        Discussion 

            At the habeas corpus hearing, Martinez testified that
he did not understand the consequences of his plea because he relied on alleged
prior statements by his defense counsel that he would not be deported.  However, at his plea hearing, Martinez
signed the waiver containing the admonishment that a no contest plea entered
for the offense charged may result in “deportation, the exclusion from
admission to this country, or the denial of naturalization under federal law.”  A
certificate, signed by his counsel, provided that appellant voluntarily and
knowingly entered into the waiver. 

            Viewing the evidence in the light most
favorable to the ruling, we conclude appellant has failed to meet his burden of
establishing there was no admonishment given consistent with article 26.13(a)(4).
 See
Lafon, 977 S.W.2d at 867.   
Therefore, we cannot conclude that appellant affirmatively showed by a
preponderance of the evidence that he was not aware of the consequences of his
plea.  See
Blanco, 771 S.W.2d at 599. The trial court did not abuse its
discretion when it denied the relief requested in appellant's habeas corpus
application.  Lafon, 977 S.W.2d at 867.  Appellant's first issue is overruled. 

IV.       Ineffective
Assistance of Counsel

In his second issue,
Martinez contends that his defense counsel was ineffective because counsel did
not inform Martinez of the possible immigration consequences of his plea.  The State
counters that Martinez has failed to demonstrate that his trial counsel was
ineffective because:  (1) Martinez signed a waiver, which stated that he read,
wrote, and understood English and understood the consequences of his plea; (2) Martinez signed a statement reciting that he
understood the admonitions and was advised by defense counsel of the
consequences; and (3) Martinez acknowledged on the record that defense counsel
advised him of the immigration consequence of his plea.

A.        Applicable Law

The United States Supreme Court has held
that counsel must inform a client whether his plea carries a risk of
deportation.  Padilla v. Kentucky, 130 S. Ct. 1437,1475 (2010).  The
Court found that before entering a plea of no contest, a defendant is entitled
to “the effective assistance of competent counsel.”  Id. (quoting Strickland
v. Washington, 466 U.S. 668, 686 (1984)).

Under Strickland, a claim of ineffective assistance must
show how specific acts or omissions of counsel failed to meet two distinct
criteria of effectiveness.  Id.  Martinez must show: (1) his attorney’s representation fell
below an objective standard of reasonableness; and (2) there is a reasonable
probability that, but for his attorney’s errors, the result of the proceeding
would have been different.  Strickland, 466 U.S. at 684; Dewberry v. State, 4 S.W.3d 735, 757 (Tex. Crim. App.
1999) (holding that appellant must show a reasonable probability that, but for
the counsel’s errors, the fact-finder would have had a reasonable doubt as to
appellant’s guilt); Jaynes v. State, 216 S.W.3d 839, 851 (Tex.
App.—Corpus Christi 2006, no pet.).  Martinez has the burden of proving
ineffective assistance of counsel by a preponderance of the evidence.  Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing Cannon v.
State, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984)). 

           
The right to “reasonably effective assistance of counsel” does not guarantee counsel
whose competency is judged by perfect hindsight or errorless counsel.  Saylor
v. State, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983).  The claims of
ineffective assistance must be supported by the record.  Thompson,
9 S.W.3d at 814; Jaynes, 216 S.W.3d at 851.  A silent record which
provides no explanation for counsel’s actions usually will not overcome the
strong presumption of reasonable assistance.  Thompson, 9 S.W.3d at
813–14.  To warrant reversal without giving counsel an opportunity to
explain her actions, “the challenged conduct must be so outrageous that no
competent attorney would have engaged in it.”  Roberts v. State,
220 S.W.3d 521, 533 (Tex. Crim. App. 2007) (citing Goodspeed v. State,
187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

B.        Discussion 

            Martinez states that he
received inaccurate legal advice regarding the immigration consequences of his
plea that led him to believe that his plea for aggravated sexual assault would
not affect his immigration status.  Martinez claims that if it was not for this
advice from defense counsel, he would have chosen a different course of action
for resolving the case that would not have affected his immigration status.

            However, the trial court heard the
evidence submitted by Martinez during the habeas corpus hearing, which
included:  (1) a waiver Martinez signed, which stated that he read, wrote, and
understood English and further understood the consequences of his plea; (2) a signed statement by Martinez reciting that he
understood the admonitions and was advised by defense counsel of the
consequences; and (3) an acknowledgement on the record by Martinez that defense
counsel advised him of the immigration consequences of his plea.    The trial
court as the trier of fact was free to disbelieve Martinez’s claim that counsel
gave him inaccurate legal advice regarding the immigration consequences of
pleading guilty.  See Amezquita, 223 S.W.3d at 367.  Martinez did not
show that defense counsel’s representation fell below an objective standard of
reasonable, a requirement for proving ineffective assistance of counsel.  See
Strickland, 466 U.S. at 686.  Viewing the evidence in the light most
favorable to the trial court’s ruling, we conclude that the trial court did not
abuse its discretion in denying Martinez’s writ for habeas corpus.  See Lafon,
977 S.W.2d at 867.  Appellant's
second issue is overruled.

V.        Conclusion


            The judgment of the trial court is affirmed.  

________________            ___     

Rogelio Valdez

                                                                                                Chief
Justice

 

Do not publish. 

Tex. R. App. P. 47.2(b)

Delivered and filed the


21st day of July, 2011.