

# NUMBER 13-10-00390-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## EX PARTE MIGUEL ANGEL MARTINEZ

## On appeal from the 138th District Court
## of Cameron County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Chief Justice Valdez

Appellant, Miguel Angel Martinez, pleaded no contest to the offense of aggravated sexual assault, a first degree felony. *See* TEX. PEN. CODE ANN. § 22.021 (West Supp. 2010). Pursuant to a plea bargain, the trial court deferred adjudication and sentenced Martinez to 180 days in jail and community supervision. Martinez filed an application for post-conviction writ of habeas corpus relief pursuant to Texas Code of Criminal Procedure article 11.072, which was denied. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West Supp. 2010). On appeal, Martinez challenges the trial court's denial

of his writ.  By two issues, Martinez argues that: (1) the trial court failed to properly advise him on immigration consequences pursuant to Texas Code of Criminal Procedure article 26.13, *id.* at art. 26.13 (West Supp. 2010);  and (2) his defense counsel provided ineffective assistance by failing to properly advise him of the immigration consequences of pleading no contest to aggravated sexual assault.  We affirm.

## I.   BACKGROUND

On November 2, 2009, Martinez pleaded no contest to an aggravated sexual assault offense.  Martinez signed the court's plea packet, which included a written admonishment that informed Martinez in writing that if he is not a United States citizen, his guilty plea could result in his deportation, exclusion from admission to this country, or denial of naturalization under federal law.  Martinez and his attorney signed the waiver stating that Martinez went to the "9th grade in public school and can read, write and understand the English language."  Defense counsel also executed the certificate of defendant's attorney certifying that Martinez knew "that if he/she is not a citizen of the United States, he/she may be subject to removal (deportation) from the United States, exclusion from admissions from the United States, and/or denial of naturalization under federal law."  During the plea hearing, defense counsel asked Martinez questions on the record about his knowledge of the consequences of the plea:

| | |
|---|---|
| Defense counsel: | I've also made you aware of a plea of guilty has several consequences, one, the fact that you are not an American citizen can affect you being deported, being excluded from this country or being denied naturalization.  Do you understand that? |
| Martinez: | Yes. |

2

The court accepted the plea bargain and sentenced hiim to 180 days in jail and community supervision.

On March 3, 2010, Martinez filed an application for post-conviction writ of habeas corpus relief pursuant to article 11.072 of the Texas Code of Criminal Procedure. *See id. at* art. 11.072 (West Supp. 2010). In that application, Martinez alleged by two issues that: (1) the trial court did not properly admonish him of the immigration consequences that would result from a guilty plea for aggravated sexual assault; and (2) that defense counsel provided ineffective assistance.

The trial court conducted a hearing on the application on April 13, 2010, in which Martinez and his sister, Veronica Martinez, testified. Martinez testified that he only attended school for a little over two years and he only had an understanding of the English language of about twenty-five to thirty percent. He also stated that he attended Texas State Technical College in a special program to learn English but he never finished the first level, which is the equivalent of attending elementary school. Martinez also stated that he met with his defense counsel four times for less than five minutes each time. At the meetings, Martinez testified that he told defense counsel of his concern about being deported and defense counsel assured him not to worry because Martinez entered the country as a minor and did not have any prior felonies. According to Martinez, defense counsel told him that the "most" he could get was two years' imprisonment and that he would not be deported. Martinez claimed that, although defense counsel went on the record at his plea hearing stating that Martinez could get deported, he disregarded this because he relied on defense counsel's previous statements that he would not get deported and just wanted to move on with his life.

Veronica testified that any time Martinez received mail in English she would have to translate it for him because Martinez lacked an understanding of the English language. She also stated that Martinez only attended school for two years and did not finish level one of the TSTC program. According to Veronica, Martinez's vocabulary in English only amounted to, "excuse me," "thank you," and "sorry."

On May 25, 2010, the trial court issued an order denying the writ and finding: (1) Martinez received the statutory admonishments from the Court, including one regarding the possibility of deportation upon the entry of a plea of guilty; (2) Martinez signed a statement reciting that he understood the admonitions and was advised by defense counsel of the consequences; and (3) defense counsel was effective in his representation of Martinez. This appeal followed.

## II.    STANDARD OF REVIEW FOR HABEAS CORPUS

In reviewing the trial court's habeas corpus judgment, we view the evidence in the light most favorable to the ruling. *Ex parte Lafon,* 977 S.W.2d 865, 867 (Tex. App.—Dallas 1998, no pet.). Absent a clear abuse of discretion, we accept the trial court's decision whether to grant the relief requested in a habeas corpus application. *Id.* To reverse a habeas corpus judgment the appellant must show by a preponderance of evidence that he was unaware of a significant consequence of the plea. *Blanco v. State,* 771 S.W.2d 598, 599 (Tex. App.—Corpus Christi 1989, no pet.).

When reviewing a guilty plea or, as in this case, a no contest plea, the plea is voluntary if the defendant was made fully aware of the consequences. *State v. Jimenez,* 987 S.W.2d 886, 888 (Tex. Crim. App. 1999). We afford almost total deference to the trial court's determination of historical facts supported by the record, especially when

4

the facts require an evaluation of credibility and demeanor. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006).

### III.    TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE 26.13

In his first issue, Martinez asserts that the trial court failed to admonish him pursuant to Texas Code of Criminal Procedure article 26.13. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13. The State counters that Martinez was properly admonished because: he acknowledged in writing that if he was not a United States citizen and pleaded guilty, his guilty plea could result in deportation; and the possibility of deportation was discussed during the plea hearing.

### A.    Applicable Law

A judge accepting a plea of guilty or no contest is required to provide the admonishments listed in Texas Code of Criminal Procedure article 26.13. *See id.* The Texas Code of Criminal Procedure article 26.13(a)(4) provides:

> (a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:
>
> (4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

*Id.* A judge may do so orally or in writing. *Id.* If in writing, there must be a statement signed by the defendant and his attorney that he understands the admonishments and is aware of the consequences of his plea. *Id.* When the admonishments are provided in writing and the defendant and his attorney have provided the required acknowledgment, it is not necessary that the trial court orally reiterate the admonishments to the defendant. *Blanco,* 771 S.W.2d at 599. Article 26.13(c) provides that "substantial

5

compliance by the court is sufficient" when admonishing a defendant "unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." TEX. CODE CRIM. PROC. ANN. art . 26.13.

## B. Discussion

At the habeas corpus hearing, Martinez testified that he did not understand the consequences of his plea because he relied on alleged prior statements by his defense counsel that he would not be deported. However, at his plea hearing, Martinez signed the waiver containing the admonishment that a no contest plea entered for the offense charged may result in "deportation, the exclusion from admission to this country, or the denial of naturalization under federal law." A certificate, signed by his counsel, provided that appellant voluntarily and knowingly entered into the waiver.

Viewing the evidence in the light most favorable to the ruling, we conclude appellant has failed to meet his burden of establishing there was no admonishment given consistent with article 26.13(a)(4). *See Lafon,* 977 S.W.2d at 867. Therefore, we cannot conclude that appellant affirmatively showed by a preponderance of the evidence that he was not aware of the consequences of his plea. *See Blanco,* 771 S.W.2d at 599. The trial court did not abuse its discretion when it denied the relief requested in appellant's habeas corpus application. *Lafon,* 977 S.W.2d at 867. Appellant's first issue is overruled.

### IV. INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, Martinez contends that his defense counsel was ineffective because counsel did not inform Martinez of the possible immigration consequences of

6

his plea. The State counters that Martinez has failed to demonstrate that his trial counsel was ineffective because: (1) Martinez signed a waiver, which stated that he read, wrote, and understood English and understood the consequences of his plea; (2) Martinez signed a statement reciting that he understood the admonitions and was advised by defense counsel of the consequences; and (3) Martinez acknowledged on the record that defense counsel advised him of the immigration consequence of his plea.

## A. Applicable Law

The United States Supreme Court has held that counsel must inform a client whether his plea carries a risk of deportation. *Padilla v. Kentucky,* 130 S. Ct. 1437,1475 (2010). The Court found that before entering a plea of no contest, a defendant is entitled to "the effective assistance of competent counsel." *Id.* (quoting *Strickland v. Washington,* 466 U.S. 668, 686 (1984)).

Under *Strickland,* a claim of ineffective assistance must show how specific acts or omissions of counsel failed to meet two distinct criteria of effectiveness. *Id.* Martinez must show: (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 684; *Dewberry v. State*, 4 S.W.3d 735, 757 (Tex. Crim. App. 1999) (holding that appellant must show a reasonable probability that, but for the counsel's errors, the fact-finder would have had a reasonable doubt as to appellant's guilt); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.). Martinez has the burden of proving ineffective assistance of counsel by a preponderance of the evidence.

*Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984)).

The right to "reasonably effective assistance of counsel" does not guarantee counsel whose competency is judged by perfect hindsight or errorless counsel. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). The claims of ineffective assistance must be supported by the record. *Thompson*, 9 S.W.3d at 814; *Jaynes*, 216 S.W.3d at 851. A silent record which provides no explanation for counsel's actions usually will not overcome the strong presumption of reasonable assistance. *Thompson*, 9 S.W.3d at 813–14. To warrant reversal without giving counsel an opportunity to explain her actions, "the challenged conduct must be so outrageous that no competent attorney would have engaged in it." *Roberts v. State*, 220 S.W.3d 521, 533 (Tex. Crim. App. 2007) (citing *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

## B.    Discussion

Martinez states that he received inaccurate legal advice regarding the immigration consequences of his plea that led him to believe that his plea for aggravated sexual assault would not affect his immigration status. Martinez claims that if it was not for this advice from defense counsel, he would have chosen a different course of action for resolving the case that would not have affected his immigration status.

However, the trial court heard the evidence submitted by Martinez during the habeas corpus hearing, which included: (1) a waiver Martinez signed, which stated that he read, wrote, and understood English and further understood the consequences of his plea; (2) a signed statement by Martinez reciting that he understood the admonitions

8

and was advised by defense counsel of the consequences; and (3) an acknowledgement on the record by Martinez that defense counsel advised him of the immigration consequences of his plea. The trial court as the trier of fact was free to disbelieve Martinez's claim that counsel gave him inaccurate legal advice regarding the immigration consequences of pleading guilty. *See Amezquita*, 223 S.W.3d at 367. Martinez did not show that defense counsel's representation fell below an objective standard of reasonable, a requirement for proving ineffective assistance of counsel. *See Strickland*, 466 U.S. at 686. Viewing the evidence in the light most favorable to the trial court's ruling, we conclude that the trial court did not abuse its discretion in denying Martinez's writ for habeas corpus. *See Lafon*, 977 S.W.2d at 867. Appellant's second issue is overruled.

## V. CONCLUSION

The judgment of the trial court is affirmed.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
21st day of July, 2011.

9