

# NUMBER 13-12-00533-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## EX PARTE JUAN GONZALEZ

**On appeal from the 130th District Court
of Matagorda County, Texas.**

# OPINION

**Before Justices Rodriguez, Garza, and Perkes
Opinion by Justice Rodriguez**

Appellant Juan Gonzalez appeals the trial court's decision denying him habeas corpus relief from his 2002 felony conviction for possession of a controlled substance with intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2010). By a single issue, Gonzalez contends that the trial court erred in denying his application for writ of habeas corpus because it should have applied *Padilla v. State* retroactively. *See* 130 S. Ct. 1473, 1486 (2010) (holding that defense counsel must inform a defendant if, by pleading guilty, he risks deportation). We affirm.

## I. BACKGROUND

On March 6, 2002, in accordance with a plea bargain agreement, Gonzalez pleaded guilty to possession of a controlled substance with intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112. In exchange for his guilty plea, the trial court suspended Gonzalez's sentence of ten years in the Texas Department of Criminal Justice, Institutional Division, and placed him on community supervision. Gonzalez did not appeal his conviction. The trial court terminated Gonzalez's suspended sentence on September 22, 2011, and discharged Gonzalez.

On March 6, 2012, after the Department of Homeland Security initiated removal proceedings against him,[1] Gonzalez filed an application for writ of habeas corpus in the trial court, alleging, under *Padilla*, that he received ineffective assistance of counsel. *See* 130 S. Ct. 2473, 1486. Gonzalez claimed that his attorney failed to advise him of the consequences of his guilty plea and the acceptance of the plea agreement—that Gonzalez, an undocumented alien, would be potentially subject to deportation.

## II. DISCUSSION

In a single issue, Gonzalez contends that he met his burden under *Padilla* to prove his allegations of ineffective assistance of counsel. Gonzalez argues that the 2010 decision in *Padilla* applies retroactively to the advice he received in connection with his guilty plea entered in 2002.

Gonzalez acknowledges that his entire argument "hinges" on applying *Padilla* retroactively because under pre-*Padilla* law, "while the Sixth Amendment assures an accused of effective assistance of counsel in criminal prosecutions, [it] does not extend to

---

[1] According to Gonzalez, the Department of Homeland Security initiated removal proceedings against him on September 17, 2011.

'collateral' aspects of the prosecution." *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997). And under Texas law, immigration consequences of a guilty plea are considered collateral. *State v. Jimenez*, 987 S.W.2d 886, 888–89 (Tex. Crim. App. 1999). However, while this appeal was pending, the United States Supreme Court held that *Padilla* does not have retroactive effect. *Chaidez v. United States*, 133 S. Ct. 1103, 1105 (2013) (citing *Teague v. Lane*, 489 U.S. 288, 301 (1989)). In addition, the Texas Court of Criminal Appeals recently decided that *Padilla's* rule does not apply retroactively under the Texas Constitution. *Ex parte De Los Reyes*, No. PD-1457-11, 392 S.W.3d 675 (Tex. Crim. App. Mar. 20, 2013).

Therefore, applying pre-*Padilla* law, Gonzalez's right to effective assistance of counsel was not violated by his counsel's alleged failure to warn about the collateral immigration consequences of his guilty plea. *See Jimenez*, 987 S.W.2d at 888–89; *Ex parte Morrow*, 952 S.W.2d at 536. So the trial court did not abuse its discretion when it denied Gonzalez's application for writ of habeas corpus. *See Ex parte* Garcia, 353 S.W.3d 785, 787 (Tex. Crim. App. 2011) (providing that we generally review a trial court's decision on an application for writ of habeas corpus under an abuse of discretion standard). We overrule Gonzalez's sole issue.

### III. CONCLUSION

We affirm.

NELDA V. RODRIGUEZ
Justice

Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
9th day of May, 2013.

3