

# NUMBER 13-10-00390-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## EX PARTE MIGUEL ANGEL MARTINEZ

### On appeal from the 138th District Court
### of Cameron County, Texas.

## MEMORANDUM OPINION ON REMAND

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion on Remand by Chief Justice Valdez

Appellant Miguel Angel Martinez appeals the trial court's decision denying him habeas corpus relief from his 2009 conviction of aggravated sexual assault. *See* TEX. PENAL CODE ANN. § 22.021 (West 2011). By one issue, Martinez contends that the trial court erred in denying his post-conviction application for writ of habeas corpus because under *Padilla v. Kentucky*, which should have been applied retroactively, counsel's failure to advise him of the mandatory deportation consequence of his plea constituted ineffective assistance of counsel. We affirm.

## I.    BACKGROUND

On November 2, 2009, in accordance with a plea bargain agreement, Martinez pleaded guilty to aggravated sexual assault.  *See* TEX. PENAL CODE ANN. § 22.021 (West 2011).  On November 3, 2009, pursuant to the agreement, the trial court deferred adjudication, sentenced Martinez to 180 days in jail and ordered ten years of community supervision.  Martinez did not appeal this judgment.

On March 3, 2010, after being arrested and detained by Immigration and Customs Enforcement, Martinez filed a post-conviction writ of habeas corpus in the trial court, alleging that he was entitled to relief because the court failed to properly admonish him pursuant to Texas Code of Criminal Procedure article 26.13 and that defense counsel provided ineffective assistance by failing to inform him of the deportation consequence of his guilty plea. *See* TEX. CODE CRIM. PROC. ANN. art. § 26.13 (West 2011).   At the trial court hearing on the writ of habeas corpus, Martinez argued that under *Padilla*, trial counsel rendered ineffective assistance because counsel failed to advise him of the clear consequences of pleading guilty.[1]  Counsel advised Martinez that he could be deported, when in fact, deportation was automatic. The trial court denied Martinez's writ of habeas corpus.

Thereafter, Martinez appealed the order denying his request for habeas corpus relief to this Court, and we affirmed the decision of the trial court.  *See Ex parte Martinez*, No. 13–10–00390, 2011 WL 2976863, at *4 (Tex. App.—Corpus Christi July 21, 2011, pet. granted, judgm't vacated w.r.m.) (mem. op., not designated for publication).  Martinez then filed a petition for discretionary review in the Texas Court of

---

[1]   While Martinez's writ of habeas corpus was still pending in the trial court, the United States Supreme Court decided *Padilla v. Kentucky*, 130 S. Ct. 1473, 1483 (2010), which held that when a noncitizen defendant faces a clear consequence of deportation, defense counsel has a duty to provide equally clear advice to the defendant.

Criminal Appeals, which subsequently vacated our judgment and remanded the case to this Court to more fully address whether plea counsel's advice regarding the consequence of automatic deportation was adequate under *Padilla*. *Martinez v. State*, No. PD-1338-11, 2012 WL 1868492, at \*4 (Tex. Crim. App. May 26, 2012) (mem. op., not designated for publication). On instruction from the Texas Court of Criminal Appeals, this Court then remanded the cause to the trial court to obtain further findings on the issue.

Martinez now challenges the trial court's subsequent denial of habeas corpus relief on the following grounds: (1) *Padilla* should apply retroactively to his case; and (2) under *Padilla*, plea counsel provided ineffective assistance.

## II.    STANDARD OF REVIEW AND APPLICABLE LAW

We generally review a trial court's decision on an application for a writ of habeas under an abuse of discretion standard. *See Ex parte Garcia*, 353 S.W.3d 785, 788 (Tex. Crim. App. 2011). An applicant seeking habeas corpus relief bears the burden of proving, by a preponderance of the evidence, that the facts entitle him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). In reviewing the trial court's decision, we view the evidence in the light most favorable to the ruling and afford great deference to the trial court. *Ex parte Lafon*, 977 S.W.2d 865, 867 (Tex. App.—Dallas 1998, no pet.). Absent a clear abuse of discretion, we accept the trial court's decision on whether to grant an applicant's request for habeas corpus relief. *Id.* The trial judge is the original fact finder in habeas corpus proceedings, and we therefore afford the utmost deference to the trial judge's determination of the facts that are supported by the record, especially when they are based on an evaluation of credibility and demeanor. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per

3

curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We may apply a *de novo* standard of review to "mixed questions of law and fact" that do not fall within this category. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Whether *Padilla* applies to this case requires us to apply the law to the facts, and therefore we shall review the trial court's decision *de novo. See id.*

In order to show counsel was ineffective in a guilty plea context, a criminal defendant must show by a preponderance of the evidence that: (1) trial counsel's representation fell below a standard of objective reasonableness, which is measured by professional norms and standards; and (2) there is a reasonable probability that, but for counsel's alleged deficiency, the defendant would not have pled guilty and insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58–9 (1985) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Ex parte Morrow,* 952 S.W.2d 530, 536 (Tex. Crim. App. 1997).

### III.    DISCUSSION

By a single issue, Martinez contends that the trial court erred in denying his writ of habeas corpus because *Padilla v. Kentucky* should apply retroactively to his case, and, under *Padilla,* trial counsel did not properly advise him of the deportation consequence of his guilty plea. *See* 130 S.Ct. at 1483. Under *Padilla,* counsel's failure to warn a noncitizen defendant that he will be deported when a guilty plea carries a clear consequence of deportation constitutes ineffective assistance of counsel under the *Strickland* standard*. Id.*; *Strickland,* 466 U.S. at 687 (holding that the standard for judging counsel's performance is reasonably effective assistance).

However, after the Texas Court of Criminal Appeals remanded the case to this Court, and while this appeal was pending, the United States Supreme Court held, in

4

*Chaidez v. United States*, 133 S.Ct. 1103, 1106–13 (2013), that *Padilla* declared a new rule[2] and therefore does not apply retroactively to defendants whose convictions became final prior to *Padilla*. *Id.* at 1113. The Texas Court of Criminal Appeals recently followed *Chaidez,* holding that *Padilla*'s rule does not apply retroactively under the Texas Constitution. *Ex parte de Los Reyes*, 392 S.W.3d 675, 679 (Tex. Crim. App. 2013) (explaining that, as a matter of state habeas law, a noncitizen defendant whose second theft conviction became final prior to *Padilla* could not benefit from its holding). This Court has also recently applied *Chaidez* in *Ex parte Juan Gonzalez*, and held that *Padilla* does not apply retroactively to a defendant who was subject to deportation consequences as a result of entering into a plea agreement prior to *Padilla* being decided. *Ex parte Juan Gonzalez,* No. 13–12–005533–CR, 2013 WL 1918454, at *2 (Tex. App.—Corpus Christi May 9, 2013, no pet. h.). Martinez's conviction became final when the trial court accepted his guilty plea and entered an order of deferred adjudication on November 3, 2009; therefore, under *Chaidez*, *Ex parte de los Reyes*, and *Ex parte Juan Gonzalez*, *Padilla* does not apply retroactively to his case.[3] *See Chaidez*, 133 S.Ct. at 1106–13; *Ex parte de Los Reyes*, 392 S.W.3d at 679; *Ex parte Juan Gonzalez*, 2013 WL 1918454, at *2.

Under pre-*Padilla* law, a defendant's Sixth Amendment right to effective assistance of counsel was not violated by a trial counsel's failure to provide advice on collateral aspects of the prosecution.[4] *Ex parte Morrow*, 952 S.W.2d at 536 (citing

---

[2] Under the principles set out in *Teague v. Lane*, 489 U.S. 288, 301 (1989) "a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction at the time the defendant's conviction became final."

[3] The imposition of deferred adjudication after a guilty plea is considered a conviction for immigration purposes. *See Ex parte Moreno*, 382 S.W.3d 523, 526 (Tex. App.—Fort Worth 2012, pet. ref'd).

*Strickland*, 466 U.S. at 687–88 (recognizing that in the context of a guilty plea, counsel's performance is not considered ineffective unless counsel was not acting reasonably competent and the advice given was not within the range of competence generally required of attorneys in criminal proceedings)). Furthermore, deportation was considered a collateral consequence of a plea of guilty. *State v. Jimenez,* 987 S.W.2d 886, 888–89 (Tex. Crim. App. 1999); *see also Ex parte Morrow*, 952 S.W.2d at 536 (including deportation in a list of consequences that cases have found to be collateral consequences of prosecution). Therefore, applying pre-*Padilla* law as we must, we conclude that counsel's advice to Martinez that he *could* be deported if he pleaded guilty, when the actual consequence was automatic deportation, does not constitute ineffective assistance of counsel. Accordingly, the trial court did not abuse its discretion in denying Martinez's writ of habeas corpus. We overrule Martinez's sole issue.

## IV. CONCLUSION

We affirm.

                    ROGELIO VALDEZ
                    Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
13th day of June, 2013.

---

[4] The court reasoned that an aspect of prosecution is collateral if it does not follow as a definite, practical consequence of the defendant's guilty plea. *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997).